## Case No. 4,294.

### EDWARDS v. BOND.

[5 McLean, 300.][1]

Circuit Court, D. Illinois. July Term, 1851.

Mr. Edwards, for plaintiff.
A. Williams, Dist. Atty., for defendant.

DRUMMOND, District Judge. In this case the plaintiff has presented a petition setting forth that at a former term of this court he was summoned as a juror, and at the same term was subpoenaed as a witness on behalf of the United States in a certain cause pending in this court. The petition alleges that he attended both as a juror and witness, and that according to the practice of the court he filed an affidavit of such attendance with the clerk, showing the number of days he was present in court, and the distance in miles of his place of abode from Springfield, where the court was held. The petition also states that he claimed of the marshal his compensation for each service, but that the marshal has paid him for one service only, and absolutely refuses to pay him for the other. He asks for a rule on the marshal requiring him to pay the amount he claims. The marshal has filed an answer in which he admits the facts stated in the affidavit to be true. He also admits that he has sufficient funds of the United States in his hands to pay the plaintiff, but gives as a reason for refusing payment that such claims have not been allowed by the accounting officers of the treasury department at Washington. There is no controversy between the parties as to the amount claimed. It is conceded that the sole question is, whether having rendered the service as juror and as witness at the same time, he is entitled to compensation in both capacities.

The sixth section of the act of Feb. 28, 1799 (1 Stat. 626) provides for the compensation of jurors and witnesses in the courts of the United States, and after prescribing the per diem and mileage of each grand and petit juror, declares that the same allowance shall be made witnesses as to jurors. The counsel of the government admits that he

[1] [Reported by Hon. John McLean, Circuit Justice.]

has not been able to find any decision of a court which would defeat the claim of the plaintiff; and no act of congress exists which provides for the contingency. I am called on to decide whether the claim of the plaintiff is in conformity with law.

The ordinary mode of bringing an individual into court to serve as a juror is by summoning him on the venire. That being done. he is subject to the court, and if disobedience follow, he can be punished for it. In this instance the plaintiff was summoned on the venire. In obedience to it he served as a juror. He was called into court to discharge a particular duty. The usual method of requiring the attendance of a witness is by the service of a subpoena. If the witness disobey it, he is in contempt, and subject to an attachment. Now, it is apparent, if the venire and subpoena concur in identity of person, of court and of time, there is not the less a distinction as the duty to be fulfilled. Indeed, the only identity of time was, that each duty began on the first day of the term. Here the plaintiff was directed to be present as a juror and as a witness on the same day, but neither process specified how long he might be needed in the one or other capacity. That depended upon future contingencies. When he had finished his duty as juror, he had not necessarily performed his duty as a witness, and so of the converse of this. And yet, if he had performed one duty, why might he not leave the court and return home, leaving the other unperformed? Simply because the process of the court operated on him, and called on him to discharge the other duty. If a person attends court as this party did he assumes a two-fold character, and for each is entitled to his compensation. Suppose after a person is summoned as a juror, it is ascertained that he is an important witness for the government, shall the district attorney decline to have him subpoenaed because he has been summoned at the same term as a juror? Certainly not. If he did not attend, it would be no sufficient reason for continuing the cause, that it was supposed he would be present as a juror. The process to him as juror does not demand his attendance as a witness, and there is, in general, no method by which a person, if absent, can be compelled to attend as a witness, but by the service of a subpoena. Besides, it is no part of the duty of the district attorney to know who is on the panel, and, in fact, he is usually ignorant of it till the meeting of the court. On the other hand, if he does attend, and his duty as juror is finished, is the officer of the government to watch the moment that it happens, and then serve a subpoena on him to compel his attendance as a witness? If his service in one capacity is performed, it will not be pretended but that he may be compelled to remain under the process of the court, and

if he do remain, then clearly is he entitled to compensation for so doing. It is plain that the only safe course is to have the appropriate process for witnesses duly served. Again, if a juror summoned by the government has already been paid by another party for attendance as a witness at the same term, why may not the United States refuse to pay him? It would still be double pay. It is said one party does not pay double. True, it is another party, but the case put shows that the fact of double pay does not determine the right. It must, then, rest upon the circumstance of the party being the same. But it may be reasonably asked, for which service shall he be paid, as a juror or witness? It is true that the per diem and mileage of each is the same,—it is generally so, but not necessarily,—and if it were by law different, which should he have?

The argument which is drawn from the liability to abuse which exists in these cases is no sufficient reason for giving a construction to the statute which its language will not justify. If a flagrant case of abuse were made to appear, the court might interfere, or, if this were a questionable power, it is always within the province of the legislature to interfere and correct it. I think, therefore, upon principle, the plaintiff is entitled to compensation in each case.

The point seems not less clear upon authority. And the example of the government is not wanting to sanction the view taken by the court. When the courts of the United States were first created, the circuit and district courts were held by different judges, and at different times, though by the act of 1789 [1 Stat. 73] the judge of the district court was one of the judges of the circuit court. Of late years, however, as the district judge performs a large part of the duties of the circuit court, the circuit and district courts in most of the states are now required to be held at the same time and place. And yet prior to 1842, though both courts were held at the same time, it is understood it was the practice for the officers of the court to claim, and for the government to allow compensation in each court. But the act of May 18, 1842 (5 Stat. 484), expressly provided that in such case no greater per diem or other allowance should be made to certain officers named, than for attendance on one court. This being the practice acquiesced in by the government, to prevent which an act of congress was necessary, it is not unfair to presume that prior to the passage of that act, the compensation charged and allowed in each court was a legal one. So here, I hold, for a much stronger reason, that the charge of the plaintiff is a proper one. Even the act of 1842 requires that both courts must be held at the same time, to exclude the officers from compensation, and it is probable, if both courts should meet on the same day, and after sitting from day to day, one of

the courts should adjourn over for one or more days,—the other court sitting on,—the officers in attendance on this last court would have a right to their compensation, and thus it might happen that they would receive pay for two courts at the same term. However this may be, it is enough to say that the law of 1799 gives the compensation as well to the witness as the juror, and the law of 1842 has made no change in this respect. That both characters united in the plaintiff, in this instance, was his fortune.

Recently the circuit court of the United States for the eastern district of Pennsylvania, where a case had been postponed for several days, some of the jurors residing at a distance held that they were entitled to compensation for attendance, though, in fact, they were absent from court. Parker v. Kempton [Case No. 10,741]. And see Hathaway v. Roach [Id. 6,213]. The laws of states provide, in general terms, not unlike the act of congress of 1799, for the compensation of witnesses and jurors A similar law exists in Illinois, and when the same person is a juror or witness at the same time, his right to compensation in each character, so far as I have understood, has never been questioned. Indeed, when a person attends, at the same time, in the same case, but subpoenaed by both parties, it has been usual to have the costs taxed for both services,—that is, as the witness of the plaintiff and of the defendant. On this last point, however, the practice is not uniform in the states. Peace v. Person, 1 Murph. 188; Renfro v. Kelly, 10 Ala. 338. In Whipple v. Cumberland Cotton Co. [Case No. 17,515], the court allowed the costs of a witness who had travelled a distance of more than a hundred miles from the place where the court was held, to be taxed in the cause, though he had come from another state. And this was followed in a very recent case. Hathaway v. Roach [supra]. In the case of Willink v. Reckle, 19 Wend. 82, the court decided that witnesses subpoenaed by the same party in three cases at the same term, were entitled to their fees in such case for going and returning, and for attendance. This is a much stronger case than that, for, if witnesses subpoenaed by the same party could receive pay in each cause, much more would a person summoned as a witness and a juror by the same party, be warranted in receiving pay in each character. These authorities, not to multiply others, conclusively show that the courts have uniformly given a liberal construction to the law, and I think, they justify the plaintiff's claim. Let the rule, therefore, be made absolute.