Simon *v.* Neumann and others.

*(Circuit Court, S. D. New York.   May 10, 1884.)*

PATENT—ADOPTION OF OLD PORTION OF IMPROVED DEVICE NO INFRINGEMENT.
    A certain patent being found to be an infringement upon an old invention, it is no infringement to imitate the old portion of it, so long as there is no interference with the new.

In Equity.
*Frederic H. Betts* and *J. S. Hindon Hyde,* for orator.
*W. C. Hauff* and *John Van Santvoord,* for defendant.
WHEELER, J.   This suit rests upon reissued letters patent No. 9,772, dated June 21, 1881, the original of which was No. 177,020, dated May 2, 1876, and granted to the orator for an improvement in traveling-bags.   The improvement consisted in making the lock-plate long enough to support not only the lock itself and its fastenings, but also ring-loops for the handle attached to raised portions of the plate, and having creases under the ends of the plate for rings or other devices for a carrying-strap, so that attaching the plate to the frame would attach all these parts to the bag.   There were three claims in the original patent,—one for the lock-plate having secured to it the lock, fastening, and ring-loops; one for the lock-plate having the recesses

formed by the raised portions for receiving the ring-loops; and one for the combination of the plate, the lock, and the fastening device, secured together and adapted to be fastened to the frame. The ring-loops, and the mode of attaching them to an extended plate, and the creases under the ends of the plate for the rings of a carrying-strap, appear to have been new. A lock and fastening secured to a plate, adapted to be attached to a bag-frame, appear to have been old. The first two claims would therefore be valid, but the defendants do not have the ring-loops, nor their mode of attachment to the plate, and do not infringe those claims. The third claim, not calling for anything peculiar about the plate more than it should be combined with the lock and fastening device, and adapted to be attached to the frame, by its terms covered nothing that was new, and appears to be invalid. Nothing in respect to the creases under the ends of the plate was claimed. The reissue has two new and additional claims,—one for a lock provided with means whereby the rings of the carrying-strap can be attached directly thereto, substantially as specified; and one for a lock having its bottom plate provided with creases for the rings for the handles. Those claims have reference to the creases for the rings of the carrying-strap or handle under the ends of the extended lock-plate. They are extended to cover this feature. The defendants have the extended plate and this feature. There is no claim anywhere for the extended plate by itself, and none that is infringed except these expanded claims made to cover the infringement by the expansion. The expansion was nearly five years after the original, and does not seem to be warranted, according to the recent decision upon this subject. Therefore the defendants do not infringe any valid claim, and the bill must be dismissed.

Let a decree be entered accordingly, with costs.