AMERICAN DIAMOND ROCK BORING Co. *v.* SHELDON and others.

SAME *v.* GILSON and others.

SAME *v.* SUTHERLAND FALLS MARBLE Co.

*(Circuit Court, D. Vermont.* July 16, 1886.)

1. COSTS—IN EQUITY—REHEARING ON MERITS—DOCKET FEE.
   Where a cause in equity is heard and reheard on the merits, two docket fees are taxable in favor of the prevailing party.
2. DEPOSITIONS—COSTS—SOLICITOR'S FEE.
   Where depositions are taken in one equity cause, and are afterwards, by stipulation, used in the same and also in other causes, but one solicitor's fee can be taxed therefor, and that in the suit where such depositions were originally taken.

In Equity. Motion for settlement of costs after hearing and rehearing in each case.

*E. G. Thompson,* for plaintiffs.

*A. F. Walker* and *E. T. Rice,* for defendants.

WHEELER, J. These cases have been heard on questions arising on taxation of costs. After a decree for an accounting on final hearing (2 Fed. Rep. 353) a motion for rehearing was granted, (24 Fed. Rep. 374,) and a rehearing was had, (25 Fed. Rep. 768,) which resulted in decrees for the defendants dismissing the respective bills of complaint. That the bills should be dismissed, with costs, is shown by *Wooster* v. *Handy,* 23 Fed. Rep. 49. The defendants claim two docket fees in each case,—one on the hearing, and another on the rehearing. The plaintiff insists that there can be but one final hearing, and therefore but one docket fee, in a cause. These cases are situated the same as suits Nos. 1, 9, and 10 in that case in this respect, and, after an exhaustive examination of the whole subject there, Mr. Justice BLATCHFORD allowed docket fees on the hearings and rehearings as final hearings in all the cases. That decision covers this question, and is controlling.

Testimony was taken in one of the cases under a stipulation that it should be allowed and used in the other cases, to have the like effect in each cause as if taken therein. The defendants claim a solicitor's fee of $2.50 for each deposition in each cause. These depositions were not taken in each cause, and used therein, but written down only once; but were taken in one only, and used by stipulation in the others. They fall, therefore, within the decision of Judge WALLACE in *Simon* v. *Neumann,* not reported, but cited by Mr. Justice BLATCHFORD in *Wooster* v. *Handy,* and followed, whereby such solicitor's fees were allowed only in the case in which the depositions were taken. That decision is, of course, controlling, and is followed here.

Docket fees to be taxed on each hearing and rehearing in chief, and solicitor's fees to be taxed for each deposition in the case in which it was taken, only.