Filed Oct. 29, 1886.

---

No. 11,749.

### The Vernon, Greensburgh and Rushville Railroad Company et al. *v.* Johnson.

Witness.—*Mileage.*—*Attendance in Two Causes at Same Time.*—*Constructive Fees.*—*Act of February 28th, 1883.*—Where two actions, brought by different parties, are pending against the same defendant, witnesses who are summoned by both plaintiffs and who attend in both causes on the same day, although they travel the distance to and from the place of trial but once, are entitled to mileage fees in each cause. The act of February 28th, 1883 (Acts of 1883, p. 48), in relation to constructive fees, does not apply to the fees and mileage of witnesses.

From the Scott Circuit Court.

*A. G. Smith*, for appellants.

*G. F. Lawrence*, for appellee.

Howk, C. J.—In this case the error assigned by appellants,

upon the overruling of their motion to re-tax certain costs adjudged against them herein, presents the only questions we are required to consider and decide.

The motion was duly verified, and therein it was stated that, after the trial of this cause, and after the adjournment of the court, at the term thereof last preceding the filing of such motion, the clerk of such court, through a misapprehension of the facts and the law, taxed and allowed as part of the costs of this suit certain illegal and constructive mileage fees to certain named witnesses—giving the name of each witness and the amount of the mileage fees claimed and taxed in his favor—amounting in the aggregate to the sum of $87.60; that all of such sum was taxed against appellants herein, as mileage fees claimed to be due the persons named as witnesses in this suit, and operated as a judgment in favor of appellee and against appellants; that the amounts claimed and taxed as mileage fees, for each of such witnesses, were constructive and illegal, and the services therein charged for were never performed by such witnesses, nor either of them, and the mileage claimed by them, or either of them, was never actually travelled by such witnesses; that during all the time this suit was pending in the court below, there was also pending a certain other suit, wherein one Thomas O. Johnson was plaintiff, and appellants herein were the defendants, which appeared upon the order-book of such court as No. 2359, and that each of the witnesses named was duly summoned as a witness in such suit, on the part of the plaintiff therein, and was also summoned, at the same time, as a witness for appellee in this suit; that each time the witnesses named attended the court below, in the suit No. 2359, they also attended as witnesses for appellee in this suit; that for each day the witnesses named attended in such suit No. 2359, they claimed their attendance and mileage, and were allowed for the same therein, and at the same time they claimed their fees and mileage in this cause as aforesaid, the same in each instance being for the same days' attendance and mileage.

which had been travelled to attend as witnesses in such suit No. 2359; that, in no instance, did the witnesses named, or either of them, attend as such in this suit, when they did not attend in the other suit, and the mileage travelled to attend in this suit was the identical mileage travelled to attend as witnesses in the other suit, and the claim of mileage in this suit, when the same was claimed and allowed in such suit No. 2359, was illegal and constructive, and should be struck out and re-taxed; and that the appellee claimed to own all the mileage fees of the witnesses named, and, if so, the sum stated had accrued to him without any outlay or investment on his part.

We are of opinion that the court committed no error in overruling appellants' motion for the re-taxation of the costs herein. It will be observed from the facts recited in the motion, the substance of which we have given, that the only ground, on which it was claimed that the clerk's taxation of the mileage fees of the witnesses was illegal, was that such fees were constructive. It was not claimed that any of the witnesses had not travelled, " in going and returning from court, from his residence," the requisite number of miles to entitle him, under the law, to the whole amount of mileage fees allowed and taxed by the clerk in his favor. But appellants' claim in this case is, as we understand their motion, that appellee Oradus P. Johnson ought not to be permitted to recover of them the mileage fees of his witnesses, for which he had obtained judgment, because another Johnson, whose Christian name was Thomas O., had another suit against appellants, pending in the same court and at the same time as the appellee's suit, and had summoned therein the same witnesses as his witnesses, who had claimed and been allowed by the clerk, in his suit, the same amount of mileage fees for the self-same travel, in going to and returning from court from their respective residences. We know of no provision of our law which will sustain this claim of the appellants; and it is certain, we think, that it can derive no possible support from our statute

on the subject of constructive fees, although appellants' motion herein would seem, from its terms, to have been founded on that statute.

The statute referred to was approved February 28th, 1883, and was entitled " An act supplemental to " the fee and salary law of " March 31st, 1879, and to all acts amendatory thereof." In section 3 of that statute, it is provided, in effect, that, " Whenever the acts to which this act is supplemental specifies a fee or sum of money as compensation for any service," etc., " it shall be unlawful to charge, tax up, or receive any further or additional sum under color of any claim or construction of law." One difficulty, at least, with appellants' motion herein and the argument of their counsel, as based upon the provisions of such act of February 28th, 1883 (Acts of 1883, p. 48), is found in the fact that there is no provision whatever, either in the fee and salary law of March 31st, 1879, or any act amendatory thereof, which specifies the fees and mileage of a witness in court. It can not be claimed, therefore, that the provisions of the aforesaid act of February 28th, 1883, in relation to constructive fees, are applicable or were intended to be applied, if it were possible to apply them, to the fees and mileage of a witness in court.

The law now in force, specifying the fees and mileage of witnesses in circuit, superior and criminal courts, is known as section 493, R. S. 1881, and took effect and has been in force since March 3d, 1877, and long before the passage of any of the acts mentioned in the statute, which declares it to be unlawful to charge or receive constructive fees. This fact, also, strongly tends to show that appellants' motion, and the argument of their counsel, can receive no possible support from the provisions of the statute in relation to constructive fees. We have said thus much on this subject in answer to the arguments of counsel and to show, as we think we have shown, that the statute prohibiting the taxation or receipt of constructive fees can have no possible application to the mile-

age fees, of which appellants complain in their motion herein. Such mileage fees were not, and are not, in any proper or legal sense, as it seems to us, constructive fees within the meaning of our statute.

We conclude, as we began, with the expression of our opinion that no error was committed by the court below in overruling appellants' motion for the re-taxation of the costs herein.

The judgment is affirmed, with costs.

Filed Oct. 15, 1886.