ARCHER v. HARTFORD FIRE INS. CO.

SAME v. NORTH BRITISH & MERCANTILE INS. CO.

(*Circuit Court, W. D. Tennessee.*  July 6, 1887.)

1. COSTS—DOCKET FEES FOR DEPOSITIONS—USE OF SAME DEPOSITION IN TWO SUITS.
   Under the United States Revised Statutes, § 824, where a deposition, though written out but once, was taken by consent to be read in two cases, entitled as of both, so filed and admitted in evidence on the joint trials of the same, *held,* that a taxation of the $2.50 docket fee for such deposition, in favor of the party prevailing in each suit, is authorized, no agreement to the contrary having been entered into.

2. SAME—WITNESS FEES.
   If a witness be subpœnaed in two cases, the parties being different, to attend therein before the court, and testify orally, or before any officer pursuant to law, to give his deposition, and does so attend, he is entitled to the witness fees prescribed by section 848 of the Revised Statutes for his travel and attendance in each case. The fact that he actually testifies but once on the trial of the cases together by consent, or that his testimony is but once written out in the deposition to be used by agreement in both cases, makes no difference; nor is there a distinction between witness fees for attendance "in court" and those "before any officer pursuant to law."

Motion of Defendants to Retax Costs.

In these cases there were 41 "depositions taken by consent of parties, * * * to be used as evidence on the part of the defendant in each and both of the above-styled causes." The caption of the depositions is entitled as of both suits, and they are marked filed, and are docketed in both cases. The suits, by agreement, were tried together; the records; however, being in every way separate, with separate verdicts and judgments, and these depositions were read upon the trial so had. The same counsel represented the common plaintiff in both cases, and both the defendant companies appeared by the same counsel. The clerk taxed in plaintiff's favor a docket fee of $2.50 on each deposition, in both cases making $102.50 against each defendant. Upon the taking of these depositions, the fees of plaintiff's witnesses for mileage and attendance, amounting to $31.95 in each case, were claimed and proven before the officer taking the depositions, and have been allowed in the clerk's taxation. These witnesses attended before the officer, and gave their evidence in writing, under writs of subpœna served upon them in each case, to so appear and testify therein. In the taxed bills of costs witness fees have also been allowed the plaintiff in the sum of $149.50 in each case, for like attendance and travel of other witnesses to testify orally in court, the same persons being witnesses in both cases. All these items are objected to as being excessive, because respectively taxed in more than one case.

*Tomlin & Haynes,* for the motion.

*McCorry & Bond* and *Sweeney & Thompson, contra.*

HAMMOND, J. The statute provides for a docket fee "for each deposition taken and admitted in evidence in a cause, two dollars and fifty cents." Rev. St. U. S. § 824. These suits were originally commenced in the state court, and subsequently removed to this court, and the depositions in question were taken after the removal. In *Jerman* v. *Stewart*, 12 Fed. Rep. 271, counsel agreed that certain depositions taken and on file in another suit in the state court, between the same parties, might "be read and used in evidence on the trial" here; and I ruled, on a motion to retax the costs, where the clerk had allowed deposition docket fees to the prevailing party, that the taxation was correct. In the opinion it is said that the statute "does not mean that the depositions shall be formally taken, and the fees allowed only for such as are formally taken, but for those that are taken in any way, and admitted in evidence. The use of the deposition on the trial is what entitled the attorney to the fee. * * * This fee is not a part of the cost of taking the deposition; but, like the other docket fees, is an allowance to the attorney as taxable costs for his professional services in the case, and, unless the agreement of the parties waives it, it is as much taxable as any other costs."

My attention has been called to the case of *Winegar* v. *Cahn*, 29 Fed. Rep. 676, as a ruling against the allowance of the taxation here made. There is little similarity between the facts in the two cases. There the depositions were not taken in the case in which the docket fees were claimed, nor in a suit between the same parties, while here each deposition was taken in the very cause in which it was admitted in evidence. Nor is there other than an apparent distinction between the decisions of *Winegar* v. *Cahn*, supra, and *Jerman* v. *Stewart*, supra; and even that grows out of a mistake on the part of the learned judge in the former case of the facts in the latter. In his opinion SEVERENS, J., says: "From the report of that case it does not appear that Jerman, the plaintiff, in whose favor the attorney's fees were taxed, was a party to the former suit. Hence the depositions were not taken in his behalf, nor was he subject to the expense of taking them either for direct or cross-examination," whereas the statement of facts in that case shows (at page 272) that the parties to the suit in which the depositions were taken and on file were the same as those to that in which they were admitted in evidence, although reversed; Stewart, Gwynne & Co. being on one side of both, and Jerman being plaintiff in one and co-defendant with Hall in the other, and this will more fully appear by reference to the immediately preceding case of *Jerman* v. *Stewart*, 12 Fed. Rep. 266. Had this fact been brought to the attention of the court, the ruling in *Winegar* v. *Cahn* would doutless have been the same in principle as in *Jerman* v. *Stewart*, as the reasoning and argument in support of an apparently different one seems to be based upon a mistaken similarity between the facts of the two cases.

In *Wooster* v. *Handy*, 23 Fed. Rep. 49, 63, where the facts as to this question were in all respects identical to those here, Mr. Justice BLATCHFORD allowed the docket fee for each of the 172 depositions, in every

one of the several suits in which they were respectively entitled and admitted in evidence, though each deposition was only once written out; the opinion using this language:

"It was for the parties to agree that the fee should be taxed but once for the group of cases, if that was to be the rule. Otherwise the fee was taxable, because the deposition was taken in each case, although the writing was not repeated for each case."

I quite agree with the ruling of the learned justice. It comes as well within the very literalism of the statute as within its spirit and meaning, and I can find no case, since the original enactment of our fee-bill in 1853, which has ever held otherwise in principle, or upon similar facts. The clerk's taxation is therefore approved, and a retaxation of these items denied.

His allowance of the witness fees is also proper. The statute gives "for each day's attendance in court, or before any officer pursuant to law, one dollar and fifty cents, and five cents a mile from going from his place of residence to the place of trial or hearing, and five cents a mile for returning. When a witness is subpœnaed in more than one cause between the same parties, at the same court, only one travel fee and one *per diem* compensation shall be allowed for attendance;" the section providing how it shall be taxed. There is no dispute but that the distances charged for were actually traveled by the respective witnesses, and the attendance as charged and proven upon oath is admitted.

In determining a similar question in *Wooster* v. *Handy, supra,* the court in its opinion says the statute "necessarily means that he is entitled to" his prescribed witness fees "in each suit in which he attends," and demonstrates that the special provision for a witness "subpœnaed in more than one cause between the same parties, at the same court," does not apply "where he attends in more than one cause between different parties, and where only one of the parties is the same." Obviously this is correct, and cases need not be cited to the proposition that a witness subpœnaed in more than one case in the court is entitled to his fees in each, the parties being different. Indeed, but for the provision in the statute cited, he would be so entitled, irrespective of the parties to the suits in which he attends as a witness under process. *Parker* v. *Bigler,* 1 Fish. Pat. Cas. 285. So, also, when one attends as a juror and witness at the same time, in the same court. *Edwards* v. *Bond,* 5 McLean, 300. Nor is there any distinction in fact, as counsel seem to suppose, or in the statute, between attendance "in court," and "before any officer pursuant to law," so far as the fees pertaining thereto, and due to the witnesses therefor, are concerned. The statute cited treats the fees for each character of attendance just the same, and in terms negatives any such distinction as is here claimed. The parties or their counsel should look to the economies of the case during its preparation for trial, and count the costs while it is in progress, taking the necessary steps to prevent useless expense before taxation rather than afterwards.

It follows that the motion to retax must be denied.