## THE MEDUSA.[1]

### THE M. E. STAPLES.

*(District Court, E. D. New York. September 29, 1891.)*

COSTS—SEPARATE SUITS HEARD TOGETHER.

The owner of the M. having libeled the M. E. S. for collision, the owner of the latter filed a libel against the M. to recover damages arising out of the same collision. The second libel was not filed as a cross-libel, separate stipulations and a separate answer were filed, and the two causes proceeded to hearing and decree as two separate suits. *Held*, that the successful party could tax a bill of costs in each suit, except that, as the causes were heard together, but one proctor's docket fee should be allowed.

In Admiralty. On appeal from clerk's taxation of costs.

*Julian B. Shope*, for the Medusa.

*Hyland & Zabriskie*, for the M. E. Staples.

BENEDICT, J. Appeal is taken to the court from the clerk's taxation of bills of costs in the above actions. On the 23d day of October, 1889, Robert Center, owner of the sloop yacht Medusa, filed a libel against the tug M. E. Staples to recover damages caused by a collision. Process was issued, stipulations for value and for claimant's costs, and answer on behalf of the M. E. Staples were filed. Thereafter, Flannery and others, owners of the above-named tug, commenced a suit by filing a libel against the Medusa to recover damages arising out of the same collision set forth in the libel against the M. E. Staples. The second libel was not filed as a cross-libel; it contained no reference to any other libel or proceeding; it prayed for process *in rem* against the Medusa, service of which being waived, a separate stipulation for value and for costs was given in that action, and a separate answer filed. The two causes thereafter proceeded as two separate actions. They were placed on the calendar by different numbers as different causes. At one time, the cause of the M. E. Staples being reached upon the calendar, a default was taken in that action, and the libel was dismissed by default, which, however, was subsequently opened on motion, without any reference being made to the other action as connected therewith in any manner, and, at the time of the dismissal of the libel in that action, no order was made in the other action. No order for consolidating the causes was ever granted or applied for. Depositions were taken entitled in the two causes, and the two causes were tried together as two causes, and a decree ordered in

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar,

each cause. In the first case the libelant recovered, and in the other case the libel was dismissed, with costs. The clerk has taxed a bill of costs in each case as if the causes were separate actions. To this the proctor for libelant in the second case objects, and insists that there is but a single action, that the libel in the second case is a cross-libel filed under the 53d rule, and that there was but one cause; consequently that notices of trial could be served only in one cause, depositions taken only in one cause, and other services rendered in one cause only. My opinion is that the practice in this case has prevented these libelants from taking the ground that there was but a single cause. The second cause has been conducted as a separate cause from beginning to end, and the legal fees for services which have been rendered in each case must be taxed in each case. If a cross-libel *in rem* can in any case be filed under rule 53, (see case of *The Bristol*, 4 Ben. 55,) this libel was not filed as a cross-libel. The two causes have been conducted as separate causes from the outset. The second libel was filed as an original libel, and a bill of costs may be taxed in each case. As the causes were heard together, but one proctor's docket fee should be allowed.