EDISON ELECTRIC LIGHT CO. v. MATHER ELECTRIC CO.

(District Court, D. Connecticut.   June 12, 1894.)

No. 723.

EXAMINER'S FEES—TYPEWRITTEN TESTIMONY.
Examiner's fees are restricted in the second circuit to $3 a day and 30 cents a folio for typewritten testimony.

Appeal from Clerk's Taxation of Costs as to Examiners' Fees.
Under the head of "Examiners' Fees" the complainants presented the following items for taxation, viz.:

| | | |
|---|---|---|
| Examiners' fees: 6 days occupied @ $3 | 18 00 | |
| 8 exhibits filed & identified @ 25 cents | 2 00 | |
| 6 witnesses sworn @ 10 cents | 60 | |
| 442 fol. evidence taken @ 20c | 88 40 | |
| Examiners' & typewriters' fees for do | 84 60 | 192 60 |

The clerk taxed the bill as follows, viz.:

| | | |
|---|---|---|
| 6 days occupied @ $3 | 18 00 | |
| 8 exhibits filed & identified @ 25c | 2 00 | |
| 6 witnesses sworn | 60 | |
| All examiners' & typewriters' fees, 442 fol. @ 20c | 88 60 | 109 20 |

The testimony was typewritten, and there was typewritten therein what was claimed to be a valid stipulation in the case, although it did not otherwise appear in the record, as follows, viz.:

It is stipulated by counsel for the respective parties that the testimony of the witnesses may be taken stenographically, and that the transcription of the stenographer's notes may stand as the testimony of the witnesses, subject to inconsequential changes.

It is also stipulated that the stenographer may subscribe the witnesses' names to the depositions, in lieu of the signatures of the witnesses themselves.

The certificate of the examiners showed that the testimony was taken under such stipulation by a stenographer, counsel for the respective parties being present, and that the stenographer caused his notes to be typewritten thereafter, and that the testimony

so written out was never read over to or signed by the witnesses, as required by the sixty-seventh rule, as amended May 2, 1892. The complainant claimed that the new amendment to the sixty-seventh rule expressly authorized the expenses of both typewriter and stenographer to be taxed in addition to the 20 cents folio fee of the examiner, and did not limit the amount of such expense, and that the effect of the stipulation was to constitute the typewriter the attorney in fact of the witness, and authorize him to sign whatever he should write down as the evidence of the witness. The defendant claimed that the testimony filed was mere consent evidence, and that it was taken in obvious avoidance of the sixty-seventh rule, and was not entitled to be taxed under that rule or any other. That, if the attendance and tacit agreement of defendant's counsel at that time managing the case concluded defendant from now objecting to the validity of the evidence, still the defendant was not concluded from now objecting that the examiner, who did not take down any testimony, and the typewriter who did take it down, were both entitled to 20 cents folio fee for doing the same work.

Dyer & Seely, for complainant.
Perkins & Perkins, for defendant.

TOWNSEND, District Judge.   The practice in this circuit is to charge 30 cents per folio and $3 per day in such cases, the same being intended to cover both examiner's and stenographer's fees. Let this bill of costs be taxed accordingly.   No costs to be taxed on this motion.