TESLA ELECTRIC CO. v. SCOTT et al.

(Circuit Court, E. D. Pennsylvania. May 10, 1900.)

1. COSTS—POWER TO IMPOSE.
   The ultimate power to impose costs must be found in a statute.
2. SAME—RULE OF COURT.
   Under the general power granted by congress to the federal courts in respect of costs, those courts may provide by rule for the taxation as costs of the expense of printing the evidence in equity cases.
3. COMMISSIONERS' TAXABLE FEES.
   Commissioners are entitled to 20 cents a folio, and no other compensation, for taking and certifying depositions to file, and that expense is taxable as part of the costs.
4. COMMISSIONERS'. NONTAXABLE FEES.
   Commissioners are entitled to 10 cents a folio for each copy of a deposition furnished to a party on request, but that expense is not taxable as part of the costs.
5. DIVISION OF COSTS.
   Where the bill was dismissed as to one of the three patents in suit, and was sustained as to the other two patents, the complainant recovered two-thirds of its costs from the defendants, while the defendants recovered one-third of their costs from the complainant.

See 97 Fed. 588.

Kerr, Page & Cooper, for complainant.
Albert H. Walker, for defendants.

McPHERSON, District Judge. The first question raised by this appeal concerns the validity of rules 6 and 16 of this court, so far as they make the expense of printing the evidence in equity cases a part of the costs. The power of the court so to provide was challenged on the ground that section 823 et seq. of the Revised Statutes contain no item concerning the printing of evidence; the argument being that costs are a creature of statute, and cannot be charged in the federal courts, unless by express warrant of an act of congress. Ultimately, no doubt, the power to impose costs must be found in a statute; but the legislature may grant the power in general terms to the courts, and these tribunals may then establish a fee bill by a rule or order that will have the binding force of a legislative act. This grant has already been made by congress, as was decided by Mr. Justice Clifford (Lowell, J., concurring) in Jordan v. Woolen Co., 3 Cliff. 239, Fed. Cas. No. 7,516, in which the validity of a similar rule in the First circuit was upheld. The decision was rendered in 1869, before the Revised Statutes were enacted; but the fee bill of 1853 (10 Stat. 161), which was then under consideration by the court, does not differ in any important respect from the sections of the Revised Statutes that are now urged upon my attention. I follow Jordan v. Agawam Co. as an authority, and need not, therefore, discuss the cases that have been cited by counsel. They are collected in Kelly v. Railroad Co. (C. C.) 83 Fed. 183; and, if any one desires to examine the course of legislation on the subject of costs, he will find the various statutes cited in Hathaway v. Roach, 2 Woodb. & M. 63, Fed. Cas. No. 6,213; In re Costs, 1 Blatchf. 652, Fed. Cas. No. 18,284; and The Baltimore, 8 Wall. 388, 19 L. Ed. 463.

The second objection must be sustained. The testimony was taken before a United States commissioner, who has been allowed by the clerk $3 a day for attendance, and 30 cents a folio, including in the latter sum the expense of a stenographer. This appears to be the practice in the Second circuit (Edison Electric Light Co. v. Mather Electric Co. [D. C.] 63 Fed. 559), and I am told has been the practice in this district also. Its correctness is now attacked, however, and the rightfulness of the charge must be decided according to the law, and not according to the practice. In my opinion, the law is clear. Section 847 allows a United States commissioner 20 cents a folio for taking and certifying depositions to file, and section 823 declares "that no other compensation shall be taxed and allowed." The charge of $3 a day for attendance, under section 847, is also erroneous. Taking testimony is not "attending to a reference in a litigated matter * * * in pursuance of an order of the court." The function of an examiner in equity is to take and certify the depositions. No other duty is required of him, and for this service he is to be paid 20 cents a folio and no more. The commissioner may also charge 10 cents a folio for each copy of the depositions furnished to a party on request, but this sum has not been made part of the costs by the rules in question, and, in my opinion, the statute requires it to be paid by the party whose convenience is thus served. Section 847 fixes no limit to the number of copies that may be obtained, and, if the expense of one copy may be charged as costs, so may the expense of every other. Where there are numerous parties, this item might easily become oppressive; and this may be the reason why the expense of such a copy is not made part of the costs, either by statute or by the rules now under consideration. The charges of the stenographer are provided for by rule 16. The number of folios is, I think, not more than 1,000. If either party is unwilling to accept this estimate, the words must be counted.

The third objection is also sound. When this cause came on to be argued, the plaintiff asked leave to discontinue as to one of the three patents in suit. Leave was granted, the order directing "the costs of the defendant to be taxed pro rata with respect to said patent." Nothing was expressed concerning the costs of the plaintiff, for the obvious reason that the cause had not yet been decided, and it was not known which party would be successful; but the clear implication of the order is that the plaintiff's costs, also, should be taxed by the same rule in the event of success, and should be diminished pro rata. The order was intended to give the defendants the same advantage as if they had been successful in a separate suit over this one patent. The testimony had already been taken, and practically all the costs had been incurred, when the order was made. As already said, its meaning was—implied, if not expressed—that the plaintiff, if successful in the controversy still remaining, should tax against the defendants no more than two-thirds of its costs, and should also pay to defendants one-third of their costs; both bills to be taxed at the end of the litigation. The taxation appealed from must therefore be corrected in this respect also.

In view of the importance of settling these matters of practice, I think it proper to add that I have not reached the conclusions above stated without conference with Judge DALLAS.

The clerk is directed to retax the costs in accordance with this opinion.