L. E. WATERMAN CO. v. LOCKWOOD. SAME v. JOHNSON. SAME v. LOCKWOOD et al.

(Circuit Court, D. Massachusetts. February 8, 1904.)

Nos. 951, 1,223, 1,224

1. COSTS—TRAVEL AND ATTENDANCE.

In a suit in equity the successful party is entitled to tax costs for travel and attendance.

2. SAME—DEPOSITIONS TAKEN IN SEVERAL CASES.

Under Rev. St. § 824 [U. S. Comp. St. 1901, p. 632], providing for the taxation of $2.50 costs for each deposition taken and admitted in evidence, where depositions, though written out but once, were taken to be read in several cases, and were entitled and admitted in evidence in each, on the joint trial thereof the successful party was entitled to tax costs thereof in each case, in the absence of an agreement to the contrary.

3. SAME—SUPERVISING RECORD—CLERK'S FEE.

Where the record in several cases tried together was printed but once, it was proper for the clerk to tax one fee for supervising the record as authorized by rule 23, par. 7, and divide the amount of such fee among the three cases.

4. SAME—WITNESS FEES.

Where three cases were tried together, and each witness who testified was sworn in each case, they were properly allowed three witness fees.

5. SAME—SPECIAL EXAMINER—SWEARING WITNESSES—FEES.

Where three cases were tried together, and each witness was sworn and each exhibit was marked in each case, the special examiner was entitled to three fees for each witness and each exhibit marked.

6. SAME—SPECIAL EXAMINER—DEPOSITIONS—FEES—ATTENDANCE.

Under Rev. St. § 847 [U. S. Comp. St. 1901, p. 652], entitling commissioners taking depositions to an attendance fee of $3 per day, and to 10 cents a folio for certifying and filing such depositions, where a special examiner took depositions which were read and used in three cases tried together he was entitled to a fee of $3 a day in but one case, and to 10 cents a folio for certifying and filing the depositions in the second and third case.

7. SAME—EVIDENCE FURNISHED TO DEFENDANT.

Where, in a suit in equity, plaintiff furnished a copy of the evidence to defendant, the clerk properly taxed to plaintiff 10 cents a folio therefor.

In Equity.

Walter S. Logan, for complainant.

Oliver R. Mitchell, for defendants.

LOWELL, District Judge. The complainant disputes items 1, 12, 14, 16, and 17 of the clerk's taxation of costs. Objections made to items 3, 4, 5, 6, 7, 8, 9, and 10 were not pressed in argument, and are taken as withdrawn.

Item 1. Travel and attendance. The taxation is sustained upon the authority of Nichols v. Brunswick, 3 Cliff. 88, Fed. Cas. No. 10,239.

Item 12. Attorney's fee for depositions taken. Each case involved the same question of law and fact, and depended upon the same evidence. The plaintiff was the same in all three cases; the defendants in 951 and 1,223 were different. In 1,224 the party defendant in 951 was joined with others. An attorney's fee for each deposition taken was taxed in each of the three cases. The taxation is sustained on the authority of Wooster v. Handy (C. C.) 23 Fed. 49, 63; Archer v. Hartford Ins. Co. (C. C.) 31 Fed. 660. In the first case it was said: "Each of the depositions allowed for was taken and admitted in evidence in each suit in which it was entitled. It was for the parties to agree that the fee should be taxed but once for the group of cases, if that was to be the rule. Otherwise the fee was taxable, because the deposition was taken in each case, and admitted in evidence in each case, although the writing was not repeated for each case." The complainant contends that an agreement to tax but once was actually made in the case at bar, but the evidence submitted does not sustain the contention.

Item 14. Clerk's fee for supervising record. The taxation is sustained under paragraph 7 of rule 23. For the validity of the rule, see Jordan v. Agawam Co., 3 Cliff. 239, Fed. Cas. No. 7,516; U. S. v. Sanborn (C. C.) 28 Fed. 299; Tesla El. Co. v. Scott (C. C.) 101 Fed. 524. The record was actually printed but once. The clerk's fees have been taxed as for one record only, and the amount divided equally among the three cases. There can be no doubt that the amount thus taxed is that fixed by the rule. Whether it should have been taxed in one case or divided equally among three need not now be considered, as the result here is the same.

Item 16. Each witness who testified, having been sworn in each case, was allowed three witness fees, as having testified in three cases.

The taxation is sustained on the authority of The Vernon (D. C.) 36 Fed. 117, and Archer v. Hartford Ins. Co. (C. C.) 31 Fed. 660. It was further contended that one witness was paid travel between New York and Boston, and another witness travel between Philadelphia and New York, while the examination should have been had in New York and Philadelphia, respectively. Under all the circumstances, it does not appear to have been unreasonable to hold the examination in Boston and New York rather than in New York and Philadelphia, and the taxation is sustained.

Item 17. A special examiner was allowed three fees for each witness sworn and for each exhibit marked. As each witness was sworn and each exhibit was marked in each case, the allowance was proper. The examiner was also allowed triple fees for attendance and for taking each deposition, which he certified in each case. The fair intent of section 847, Rev. St. [U. S. Comp. St. 1901, p. 652], in general accordance with which these fees were here computed, will be carried out if the special examiner is allowed a fee of $3 a day for attendance in only one case, and is allowed for the depositions certified and filed in the second and third cases at the rate of 10 cents for each folio instead of 20. The taxation is modified accordingly. The questions concerning the multiplication of fees have not been passed upon hitherto in this district. In all other respects the taxation conforms to the established practice. See, also, Edison Co. v. Mather Co. (D. C.) 63 Fed. 559. If there be anything to the contrary in Tesla Co. v. Scott (C. C.) 101 Fed. 524, I prefer to follow the uniform practice in this circuit, sustained by that of the Second Circuit, rather than a decision which reverses the former practice in the Third Circuit. The clerk taxed to the plaintiff 10 cents a folio for a copy of the evidence furnished to the defendant. Concerning this item I have more doubt, but have decided not to overturn a long-established practice.

Defendant's counsel objects to the disallowance of the witness fee paid to him. No fee in such case has ever been allowed in this district, and the disallowance is approved.