KEASBEY & MATTISON CO. v. AMERICAN MAGNESIA & COVERING CO.

(Circuit Court, E. D. Pennsylvania. November 26, 1906.)

No. 30.

Costs—Patent Suits—Expense of Printing Exhibits.

The expense of printing exhibits in a patent case is not a taxable disbursement, in the absence of a rule of court making it so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 660.]

On appeal from taxation of costs and motion to dismiss appeal. See 148 Fed. 91.

Joseph P. Nolan and Edward K. Jones, for complainant.

Harold Steele Mackaye and Kenyon & Kenyon, for respondent.

J. B. McPHERSON, District Judge. The motion to dismiss the appeal, on the ground that it was not seasonably taken, does not seem to be well founded, and must be refused. The meeting on September 24th was an adjournment from September 6th, and continued the discussion between the parties; but the taxation was not finally made until October 2d, when the clerk's decision upon the disputed items was announced. The appeal was therefore taken within the time limited by the rule of court.

The first and second exceptions to the taxation are sustained on the authority of Tesla Electric Co. v. Scott (C. C.) 101 Fed. 524, and the third exception is sustained on the ground that, when the two witnesses therein referred to were recalled for further examination, their testimony thus taken did not become a new deposition for which a second attorney's fee of $2.50 would be properly charged. The fourth exception is disallowed, in view of the stipulation on page 104 of defendant's record, agreeing to the taking of testimony in New York—except as to the charge of double mileage in the case of the witness Lysinger; this charge being reduced to single mileage for 100 miles. The fifth exception must be sustained on the authority of Hussey v. Bradley, 5 Blatch. 210, Fed. Cas. No. 6,946a; Wooster v. Handy (C. C.) 23 Fed. 49; Cornelly v. Markwald (C. C.) 24 Fed. 187; Kelly v. Springfield Railway Co. (C. C.) 83 Fed. 183; and Edison v. American Mutoscope Co. (C. C.) 117 Fed. 192. The sixth exception disputes the correctness of the clerk's computation of the total amount, and is disallowed, because I am not convinced that a mistake has been shown.

The taxation will be corrected in accordance with this opinion, and thereupon the decree, presented to the court on October 10, 1906, but modified as required by the re-taxation, may be entered by the clerk.