### BRITISH & SOUTH AMERICAN STEAM NAVIGATION CO. v. DELAWARE, L. & W. R. CO.

(District Court, S. D. New York. April 29, 1912.)

1. Costs (§ 154*)—Taking of Depositions—Evidence Used in More Than One Case.

   Where a deposition is originally taken under a stipulation that it shall be used in more than one case, a separate fee therefore may be taxed in each; but where it is originally taken in one case only, and subsequently by stipulation is used in another case, separate fees cannot be taxed.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 596–604; Dec. Dig. § 154.*]

2. Admiralty (§ 124*)—Costs—Docket Fee—Cross-Libels.

   Two docket fees are taxable in an admiralty case, where there is a libel and cross-libel, although there is but one trial.

   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 836–857; Dec. Dig. § 124.*]

In Admiralty. Suit by the British & South American Steam Navigation Company against the Delaware, Lackawanna & Western Railroad Company. On objection to taxation of costs. Taxation affirmed.

Convers & Kirlin, of New York City, N. Y., for libellant.
John L. Seager, of New York City, N. Y., for respondent.

HAND, District Judge. In Jerman v. Stuart (C. C.) 12 Fed. 271, Judge Hammond allowed costs to be taxed on depositions which were read under a stipulation that they might be used in a case in the federal court. They were on file in the clerk's office in the state court of Tennessee, and had been taken in a former suit in that court. In Wooster v. Handy (C. C.) 23 Fed. 49–57, Justice Blatchford held that costs could not be taxed for depositions in cases in which the depositions were read under a stipulation which admitted them in evidence in the case in question; they having been taken in the first case. The same judge, at page 60 of the same case, however, determined that when the deposition was originally entitled in each of a number of cases at once, and the parties had originally stipulated that it should be used in all, the fee was allowable, although it was written out, and the witnesses were sworn, but once.

In a case where the depositions were all entitled in two suits, and by stipulation were originally to be used in either, two fees were likewise allowed. Archer v. Hartford Fire Insurance Company (C. C.) 31 Fed. 660. Judge Lowell ruled the same way in Waterman Company v. Lockwood (C. C.) 128 Fed. 174. In American Diamond Rock Boring Company v. Sheldon (C. C.) 28 Fed. 217, Judge Wheeler ruled that where depositions were originally taken and entitled in one case

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

only, and afterwards by stipulation used in another, only one fee was taxable, although, had they been entitled originally in each case and had been written out only once, it would have been otherwise. He followed the ruling of Judge Wallace in Simon v. Neumann (C. C.) 20 Fed. 196, which is cited in Wooster v. Handy.

Judge McKinnon and Judge Acheson held that where the depositions were taken in suits in other districts, and were afterwards read into the evidence in another suit on stipulation, a fee was not allowable. Cary v. Lovell Mfg. Co. (C. C.) 39 Fed. 163. In this they followed Wooster v. Handy, as well as Winegar v. Cahn (C. C.) 29 Fed. 676. In the last-mentioned case Judge Severens disallowed such fees where the depositions taken in a former case were stipulated into the case at bar. He overruled Jerman v. Stuart to the contrary.

[1] From these cases the rule appears to be that where a deposition is originally taken and entitled in more than one case, with a stipulation that it shall be used in all cases, then a separate fee may be taxed, but where it is originally taken in one case only, and subsequently by stipulation is used in another case, separate fees cannot be taxed. Here the motion for retaxation was made in the case in which the deposition was originally taken, and it is clear, therefore, from any point of view, that the taxation was correct. But it is said that the fees were not taxable in the cross-libel. The libelant says at the time when they were taken the cross-libel had not yet been filed in the Southern district; but it was orally agreed between the parties that the depositions might be used in both suits. I think that this would bring it within the rule that, where originally the depositions are taken under a stipulation that they shall be used in two suits, fees are taxable in both. It is true that they were not here entitled in the cross-libel; but there was no cross-libel at the time. Besides, it was a formality. The reason, so far as there appears to be any reason, for the rule, is that it avoids useless labor at the time of first taking the depositions, and that the inducement to avoid that labor might be taken away if the proctor was deprived of his fee. I cannot think that the mere formality of the title should control. On the other hand, if these depositions were taken without any original stipulation, and afterwards used without objection in the cross-libel I should hold differently. Therefore, if the proctors for the respondent deny that there was such an oral stipulation, if not too late, they may move for a retaxation in the cross-libel; and I cannot see any answer to such retaxation, since then it will appear simply that they were read in evidence on the cross-libel without objection, and that would not be enough.

[2] The next question is of the double docket fee. The Medusa (D. C.) 47 Fed. 821, seems to be a square authority for the respondent's position that, where there is but one trial, there should be but one docket fee. The Rabboni, 84 Fed. 681, 28 C. C. A. 517, differs only in this respect: That the question was of appeal and cross-appeal. This does not necessarily control as between libel and counter libel. I cannot see the pertinency of The State of Missouri, 76 Fed. 376, 22 C. C. A. 239. In U. S. v. Venable Construction Co. (C. C.) 158 Fed. 833, Judge Newman taxed two docket fees on separate ver-

dicts, where two cases by the same plaintiff against the same defendant were consolidated for convenience in the trial, thereby following, as he thought, Judge Hill in Switzer v. Home Insurance Co. (C. C.) 46 Fed. 50. In the latter case several suits were brought by the same plaintiff against different insurance companies on the same fire loss. They were submitted to referees, who gave different awards against different companies. The cases cited of Goepel v. The Prince Line, decided by Judge Holt (no written opinion), were cases where there were separate respondents in each case, although three of the respondents were represented by the same proctors and they were all tried together.

Prima facie, perhaps, there should be two docket fees where there are two suits tried. If tried at the same time, it will often happen that the same considerations apply to each case; but that depends upon circumstances, and a single trial does not alone prove that there are not separate claims, involving different preparation and to some extent different proof. The only cases where a separate docket fee is not proper are such cases as collisions, where the defense and the cross-libel depend generally upon exactly the same facts. There is good reason in such cases for only one docket fee, and it is significant that The Medusa, supra, was such a case. I do not quite see why in such cases there should ever be two fees. The issues are precisely the same in such cases as though the matter had been set up in defense, and the only added fact is that the cross-libelant's boat has been injured. However, the rule in this district has been long different, and several of the judges approve of it. Certainly it is true that in matters like costs the first requisite of a rule is certainty, because any chance of litigation over such small sums is worse than an occasional failure of exact justice. I scarcely like to say that in collision cases only one fee shall be allowed, because I shall be making an exception to an accepted rule which in most cases probably works well; a cross-claim generally involving an independent determination, even when tried with the chief claim. Besides, the fee bill is not oppressive at best, and the proctor's returns are modest enough.

It hardly seems to me that enough is shown to upset the established rule, and I will affirm the taxation.