CHESBROUGH LUMBER CO. *v.* CHIPPEWA CIRCUIT JUDGE.

COSTS—TAXABLE WITNESS FEES—WITNESSES.

> Where witnesses in two causes came from without the State to testify for the same party in both proceedings, in which, however, the opposite party was different, the side prevailing in the action was entitled to tax their fees for mileage in both cases at the rates established by and under 3 Comp. Laws, § 11221. (See 3 Comp. Laws 1915, notes to sections 13720, 14400, 14603.)

Mandamus by the Chesbrough Lumber Company, a corporation, against Patrick H. O'Brien, circuit judge of the twelfth judicial circuit, presiding in Chippewa circuit, to compel respondent to vacate an order of retaxation of costs entered in a suit in which relator was defendant. Submitted January 18, 1916. (Calendar No. 27,002.) Writ granted March 30, 1916.

*John W. Shine,* for relator.

*Davidson & Hudson,* for respondent.

MOORE, J. This mandamus proceeding is brought by the relator against Patrick H. O'Brien, circuit judge, to vacate an order entered in the case of *E. F. Perry & Co.* v. *Chesbrough Lumber Co.,* retaxing relator's costs therein, and requiring him to tax the costs of relator as taxed by the clerk of said court, or to dismiss the appeal taken from the taxation thereof by said clerk. Questions are raised about the regularity of the appeal from the taxation of the clerk; but, as the case is fully argued, we will dispose of it upon the merits. There were three cases in the circuit court: *Packard* v. *Lumber Co., E. F. Perry & Co.* v. *Lumber Co.,* and the case of the *Chesbrough Lumber Co.* v. *Railway Co.* In each of these cases Ches-

brough & Co. obtained a judgment against the opposite party, with the order that the Chesbrough Lumber Company recover against the opposite party its costs and charges to be taxed. In the case against the railroad company a bill of costs was prepared and presented, but before it was taxed the parties settled. It is said the plaintiff deducted an amount approximating the proposed bill of costs. In the proposed bill of costs were the witness fees of F. B. Chesbrough and C. L. Neal, of Massachusetts, for their attendance and mileage from the boundary line of the State at Toledo. In the case before us the relator prepared its proposed bill of costs, which amounted to the sum of $120.90 and served a copy thereof on the attorneys for the plaintiff, and noticed the same for taxation before the clerk December 10, 1914. This bill of costs included the witness fees of Freemont B. Chesbrough, of Newton, Mass., and C. L. Neal, of Boston, Mass., for their attendance and mileage from the boundary line of the State, at Toledo. The affidavit in support of it shows that Mr. Chesbrough and Mr. Neal were material and necessary, and that they had respectively resided at the places named, and traveled the number of miles and attended the number of days specified in the bill. The plaintiff filed an affidavit in opposition, stating in brief that the relator had two other cases on the calendar for trial at the same term, and that the witnesses Chesbrough and Neal were also witnesses in the other cases, and that they did not return to Boston after testifying in one of the other cases, namely the *Chesbrough Lumber Co.* v. *Railway Co.*, and as we have before stated about the settlement. The clerk taxed the bill as proposed. The circuit judge, after hearing the case, being of the opinion that the Chesbrough Lumber Company was entitled to mileage fee in only one case, disallowed the mileage fees. Mandamus is brought to review that action.

In *Jeffrey* v. *Hursh,* 58 Mich. 246 (27 N. W. 7), it is said:

"The right to recover costs is conferred by the statute, and did not exist at common law. It is to the statute, therefore, that we must look for the authority to recover costs in any given case."

The applicable statute under the head, "Fees of Witnesses," reads:

"For attending in any suit or proceeding pending in any court of record one dollar for each day and fifty cents for each half day * * * for traveling at the rate of ten cents per mile in coming to the place of attendance to be estimated from the residence of such witness if within this State, or from the boundary line of this State, which such witness passed in coming; if his residence be out of the State," etc. Section 11221, 3 Comp. Laws (3 Comp. Laws 1915, §§ 14603; 13720, note; 14400, note).

The language of the statute is not ambiguous; it is, "For attending in any suit or proceeding pending in a court of record." There is no suggestion that if one party in a suit pays the mileage fee of a witness in that suit, it shall inure to the benefit of another party in another suit and absolve him from paying the mileage.

Similar statutes have been construed. See *Waterman Co.* v. *Lockwood* (C.C.), 128 Fed. 174, and cases cited therein. *Vernon, etc., R. Co.* v. *Johnson,* 108 Ind. 126 (8 N. E. 700); *McHugh* v. *Railway Co.,* 41 Wis. 79.

The order retaxing the costs should be vacated, and the costs remain as taxed by the clerk.

The writ of mandamus will issue, with costs to the relator.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.