## THE MISSISSIPPI. THE TEXAS.

## THE ALASKA.

District Court, N. D. California, S. D. July 27, 1927.

Nos. 18426, 18429, 18486.

Admiralty ⊜124—Proctor appearing in each of three libels for cargo damages, tried together for convenience, held entitled to separate docket fees for each.

Where separate libels for cargo damages filed against three vessels were tried together solely for convenience of court and parties, and to save time and expense, *held*, that proctor appearing for respondent in each case was entitled to separate proctor's docket fees in each case, separate matters being involved.

In Admiralty. Separate libels by W. P. Fuller & Co., a corporation, against the French steamships Mississippi, Texas, and Alaska. Decree for respondents, and libelant appeals from the taxation of a proctor's docket fee in each case. Affirmed.

Andros, Hengstler & Dorr, of San Francisco, Cal., for libelant.

Ira S. Lillick, of San Francisco, Cal., for respondents.

KERRIGAN, District Judge. Three libels were filed by W. P. Fuller & Co. against three vessels, the Mississippi, Texas, and Alaska, for cargo damage. For the convenience of the court and of the parties, the cases were tried together. The respondent prevailed in each case and separate decrees were entered. The same proctor appeared for respondent in each case.

The clerk of the court has taxed $20 proctor's docket fee in each case, and libelant has appealed against the allowance of more than one docket fee, citing the Medusa (D. C.) 47 F. 821; The Mt. Eden (D. C.) 87 F. 483; The Stanley Dollar (C. C. A.) 160 F. 911; Boston Marine Ins. Co. v. Metropolitan Redwood Lumber Co. (C. C. A.) 197 F. 703.

Analysis of these cases shows that in each instance the proceeding wherein the proctor was denied more than one docket fee was in its essence a single proceeding, arising out of one situation, involving the preparation of but one set of facts, with few variations. In these cases the reasons for disallowing more than one fee for a single court appearance are obvious. The situation is entirely different in the present case, where three separate matters were tried together solely for convenience, and to save time and expense. This distinction is set forth in British and South American Steam Navigation

Co. v. Delaware, L. & W. R. Co. (D. C.) 195 F. 984, 986, as follows:

"Prima facie, perhaps, there should be two docket fees, where there are two suits tried. If tried at the same time, it will often happen that the same considerations apply to each case; but that depends upon circumstances, and a single trial does not alone prove that there are not separate claims, involving different preparation and to some extent different proof. The only cases where a separate docket fee is not proper are such cases as collisions, where the defense and the cross-libel depend generally upon exactly the same facts. There is good reason in such cases for only one docket fee, and it is significant that The Medusa, supra, was such a case. I do not quite see why in such cases there should ever be two fees. The issues are precisely the same in such cases as though the matter had been set up in defense, and the only added fact is that the cross-libelant's boat has been injured."

For the reasons above stated, the taxation of the docket fees in each case will be affirmed.

So ordered.