## Case No. 1,889.

### The BRISTOL.

### The GEORGE S. BROWN.

[4 Ben. 55.][1]

District Court, S. D. New York. Feb. Term, 1870.

COLLISION—PRACTICE IN ADMIRALTY—COMPELLING SECURITY IN A CROSS-SUIT.

A libel was filed against the steamer Bristol to recover damages for a collision between her

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

and the bark George S. Brown. The owners of the Bristol filed a cross-libel against the bark to recover the damages sustained by the steamer, and moved, on notice to the proctors for the libellant in the suit against the steamer, to stay proceedings in that suit until security was given on the cross-libel. No process had been issued on the cross-libel. *Held*, that the supreme court did not intend, by the 54th rule in admiralty, to give this court jurisdiction of the second libel without a seizure of the bark within the district. That the object of the 54th rule is to compel the appearance and giving of security by respondent in a cross-libel in personam, in cases where it does not appear proper that he should be relieved from giving such security.

[Disapproved in The Toledo, Case No. 14,-077. Cited, but not followed, in Empresa Maritima a Vapor v. North & South American Steam Nav. Co., 16 Fed. 503. Cited in The Medusa, 47 Fed. 822.]

[See Vianello v. The Credit Lyonnais, 15 Fed. 637.]

In admiralty.

Field & Shearman, for motion.
Spaulding & Richardson, opposed.

BLATCHFORD, District Judge. The first of these cases is a suit in rem by John Ponton, as the owner of the bark George S. Brown, against the steamer Bristol, to recover for the damages sustained by him by a collision between the bark and the steamer. The case is at issue and on the calendar for trial. The claimants in the first case, as owners of the steamer at the time of the collision, now come into court and file a libel in rem against the bark, to recover for the damages sustained by them by the same collision. Their libel sets forth the filing of the libel against the steamer, and states that this second libel is a cross-libel arising out of the same cause of action for which the first libel was filed. It sets forth facts which, on comparing the two libels, show that the claim in the second libel arises out of the same cause of action for which the first libel was filed. On filing this second libel, the libellants in it move, on notice to the proctors for the libellant in the first libel, that all proceedings on the first libel be stayed until security shall be given, upon the second libel, for the bark. The second libel avers that the premises are within the jurisdiction of this court, but does not aver that the bark is lying within the jurisdiction of this court. It prays process against the bark, "and that all persons interested therein may be cited to appear and answer upon oath all and singular the premises, and that the court would be pleased to decree that the libellants recover their damages in the premises with costs, and otherwise right and justice to administer." It contains no other prayer. It prays for no process in personam against any person, and it does not ask that the damages may be recovered from any person, or that they may be obtained from a sale of the bark. It asks that the persons now interested in the bark may be cited to answer on oath. No process has been issued on this second libel.

The libellants, in this second libel, are seeking, by this motion, to avail themselves of the provision of rule 54 in admiralty, prescribed by the supreme court, at the December term, 1868, which rule is as follows:

"Whenever a cross-libel is filed upon any counter claim arising out of the same cause of action for which the original libel was filed, the respondents in the cross-libel shall give security in the usual amount and form, to respond in damages as claimed in said cross-libel, unless the court, on cause shown, shall otherwise direct; and all proceedings upon the original libel shall be stayed, until such security shall be given."

In opposition to the motion, it is shown, by the libellant in the first libel, that he resides in the city of Brooklyn, and does business in the city of New York, and has so resided and done business ever since the filing of that libel; that he does not now own the bark, or any part thereof; and that the bark has not been within this district since before the filing of the first libel.

I do not think that the supreme court intended, by the 54th rule, to give to this court jurisdiction of this second libel, as one in rem against the bark, without a seizure of the bark within this district. It may be very proper, that, on a cross-libel in personam against the libellant in the first libel, he should be required to give security to respond in damages to the claim set up in the cross-libel, and that all proceedings on the first libel should be stayed until such security be given; and such, and such only, was, I think, the intention of the supreme court, by prescribing the rule. The expression, "respondents in the cross-libel" implies a suit in personam. If the bark could be seized, that would be, to some extent, at least, security. The object of the rule is to compel the appearance and giving of security by a respondent in a cross-libel in personam, in cases where it does not appear proper that he should be relieved from giving such security. Such a construction of the rule is an eminently proper one, on the facts of this case. The bark has not been within this district since the collision, and is owned by other parties than the libellant in the first suit. He, as owner of the bark at the time of the collision, is responsible for the damages caused to the steamer by the collision, if the bark was guilty of negligence and the steamer was free from fault, and he can probably be found within this district.

The motion is denied.

[NOTE. For hearing in the district court and decision upon the merits, see Case No. 1,890; and, for affirmance of the district court decree in the circuit court, see Case No. 1,892.]