### VIANELLO *v.* THE CREDIT LYONNAIS.

*(District Court, S. D. New York.* March 8, 1883.)

1. **ADMIRALTY—PRACTICE—RULE 53—SECURITY.**

Rule 53 (formerly rule 54) in admiralty, providing that security may be required of the respondents "whenever a cross-libel is filed upon any counter-claim arising out of the same cause of action for which the original libel was filed," is to be construed as embracing cases arising out of the same subject-matter of dispute, when the question in litigation is substantially the same in both suits. The words "cause of action" are not used in this rule in the sense of the same identical legal demand.

2. **SAME—SECURITY IN CROSS-SUIT.**

Where a libel is filed to recover an alleged deficiency of cargo delivered, and the payment of freight having been refused by the libelants on the same ground, a cross-libel is filed to recover the freight on the cargo delivered, and security having been obtained in the first suit through the arrest of the vessel, *held,* that the respondents should be required to give security in the cross-suit, under rule 53.

In Admiralty.

*Wilhelmus Mynderse,* for libelant.

*Condert Brothers,* for respondents.

BROWN, J. A motion is made in this case that the respondents file security under the present fifty-third (formerly fifty-fourth) rule of the supreme court in admiralty.

The respondents were the consignees of certain iron imported from Europe upon the Italian bark Querini Stampalia, in December, 1881. The quantity of iron delivered being less than that described in the bill of lading, the respondents refused to pay freight, and on December 31, 1881, filed their libel in this court to recover the value of the iron not delivered.

Thereafter, on the same day, the present libelant, the master of the bark, filed this cross-libel against the respondents to recover the freight. In both actions the question in dispute is the same; namely, whether the bark is responsible for the shortage of iron; no other matter being in controversy. In the respondent's suit the bark was

arrested, and gave security for the claim and costs. The libelant in this suit now asks for similar security from the respondents, upon an affidavit that the respondents are a non-resident corporation, and have now no agent resident within this district.

The motion is opposed upon the ground that the present libelant's counter-claim does not "arise out of the same cause of action for which the original libel was filed," within the language of rule 53; because, it is said, the cause of the action in the original libel is to recover the value of the iron not delivered; while the cause of action in the cross-libel is to recover payment of freight upon the iron that was delivered.

The objection is evidently based upon the contention that the words "same cause of action," in rule 53, mean the same legal demand or legal claim. The words themselves, separately considered, might doubtless have that meaning; but if that meaning were adopted here, it would destroy, as it seems to me, all the force of the rule; and, so far as I can see, render it incapable of application in any case. For I cannot recall any circumstances in which a cross-libel could be filed for the purpose of asserting against the original libelant a counter-claim arising out of the same identical legal demand or the same legal claim as that sought to be enforced by the original libelant. The context itself shows that a different legal claim is contemplated by this rule, for it refers to a "*counter*-claim," and not the *same* claim, "arising out of the same cause of action." I am satisfied that the words "the same cause of action" are here used in a more general sense, meaning the same transaction, dispute, or subject-matter which has been the cause of the action being brought, and that they include those cases of cross-libels where the question in dispute is identical in both, the defense in one suit being the ground of the claim in the other. It is just that in such cases each side should be similarly protected by security; and the original libelants having obtained security for their alleged claim by the arrest of the bark, they ought not to complain of being required to furnish security in turn upon the counter-claim. Such I think was the intention of this rule.

The respondents suggest that the rule was designed to cover such cases as mutual claims upon collisions; but in that class of cases the cross-libel does not assert a counter-claim arising from the same identical legal demand. Each vessel bases its claim for damages upon the alleged fault of the other; and that is the only ground of action by either. Such cases do not present so single and identical

a question as the present libel and cross-libel; but both, I have no doubt, were designed to be embraced in the rule.

In the case of *Roberts* v. *Ralli*, in the eastern district, (not reported,) a case essentially like this, security was required. I am satisfied that this is the correct construction of the rule, and the motion is, therefore, granted.

---

## The Fox.*

*(Circuit Court, E. D. Louisiana.  January, 1883.)*

Tow-Boats—Tolls.

> The relation of a tow-boat to the vessels it has in tow is not such as to make it liable for the tolls due by said vessels for passing through a channel excavated by private enterprise, and for which passage tolls are allowed by statute to be charged.

In Admiralty.

*Thomas L. Bayne* and *George Denegre*, for libelant.

*E. M. Hudson* and *J. Walker Fearn*, for claimants.