FRANKLIN SUGAR-REFINING CO. v. FUNCH et al.

(District Court, E. D. Pennsylvania. March 15, 1895.)

No. 130.

1. ADMIRALTY PRACTICE—SECURITY ON CROSS LIBEL—RULE 53.
    A demand for security on a cross libel, under admiralty rule 53, under pain of staying proceedings on the original libel, should not be granted when made several months after filing the cross libel, and after the original libelants have taken their testimony.

2. SAME.
    Quaere, whether rule 53 applies to a case in which the original libel was in personam, and in which, consequently, no security is required of the original respondent.

This was an application under the cross libel of the Franklin Sugar-Refining Company against Funch, Edye & Co. for an order

requiring respondents to give security for damages, according to admiralty rule 53, which reads as follows:

"Whenever a cross libel is filed upon any counterclaim, arising out of the same cause of action for which the original libel was filed, the respondents in the cross libel shall give security in the usual amount and form, to respond in damages, as claimed in said cross libel, unless the court, on cause shown, shall otherwise direct; and all proceedings upon the original libel shall be stayed until such security shall be given."

Horace L. Cheyney and John F. Lewis, for libelant.

Edward F. Pugh and Henry Flanders, for respondents.

BUTLER, District Judge. The original libel, (of Funch, Edye & Co. v. "The Franklin Sugar-Refining Co.,") was filed December 7, 1894, and the answer thereto and cross libel were filed December 26, 1894, whereupon Funch, Edye & Co. proceeded to take their testimony and have now completed their proofs.

On the 12th day of March, 1895, "the Franklin Sugar-Refining Company" applied for an order under rule 53 in admiralty, requiring Funch, Edye & Co., to give security for such damages as may be recovered against them on cross libel, and for a stay of proceedings on the original libel till security be entered.

I do not think this order should be allowed. It seems to me doubtful whether rule 53 contemplates a case where the original libel is in personam and where, consequently, no security is required of the respondent in the original cause; its terms do not seem applicable to such a case. It calls for "security in the usual amount and form," etc.

Where the original libel is in personam there is no such "usual amount and form of security" to which security from the respondent in the cross libel may be made to conform, as the rule seems to call for.

The rule has not been understood, in this district, to apply to such cases, and has never been so applied; nevertheless as it is not necessary to decide this question at present, I will not decide it.

Granting the rule to be applicable, I do not think the demand for security and stay of proceedings should be allowed under the circumstances shown. It was not asked for promptly, as it might and should have been, nor until the original libelants had taken their testimony and incurred the expenses of doing so. To stay proceedings after this lapse of time and under these circumstances would seem to be unjust. Of course the cross libelant may have a citation as prayed for; the effect of taking it will be a matter for future consideration.