FRANKLIN SUGAR-REFINING CO. v. FUNCH et al. (two cases).

(Circuit Court of Appeals, Third Circuit. April 15, 1896.)

Nos. 3 and 4.

1. ADMIRALTY—APPEALS—DECISION—PRACTICE—SECURITY ON CROSS LIBEL.
   A decision denying a demand for security on a cross libel, under admiralty rule 53, on the ground of inexcusable delay in demanding it, if reviewable at all, should not be reversed unless it clearly appears that the court's action was unwarrantable. 66 Fed. 342, affirmed.

2. SAME—STAY OF PROCEEDINGS.
   An appeal from an order refusing an application, on a cross libel, for security and stay, under admiralty rule 53, does not suspend the proceedings in the original suit.

3. SUIT ON GENERAL AVERAGE BOND—PRESUMPTION OF SEAWORTHINESS.
   In a suit by a shipowner on a cargo owner's general average bond, which contained a recital that the ship, on her voyage, "encountered strong winds and a heavy sea, which caused the vessel to labor severely," held, that the libelant was entitled to a prima facie presumption that the ship was seaworthy at the commencement of the voyage. The Edwin I. Morrison, 14 Sup. Ct. 823, 153 U. S. 199, distinguished.

4. APPEAL—OBJECTIONS NOT MADE BELOW.
   An objection, made for the first time on appeal, to the admissibility of an exhibit found in the record, held unavailing, because forbidden at that stage of the case by rule 12 of the circuit court of appeals for the Third circuit, and because the exhibit had been made part of the record by stipulation of counsel.

Appeals from the District Court of the United States for the Eastern District of Pennsylvania.

This was a libel in admiralty, filed December 7, 1894, by Funch, Edye & Co., trustees, for the owners of the steamship Sophie Rickmers, against the Franklin Sugar-Refining Company, upon a general average bond given by respondents as owners of cargo. On December 26, 1894, the respondents filed a cross libel. On March 12, 1895, after libelants had completed the taking of their proofs, the Franklin Sugar-Refining Company applied for an order under admiralty rule 53, requiring Funch, Edye & Co. to give security for such damages as might be recovered on the cross libel, and for a stay of proceedings on the original libel till such security was entered. The district court denied the application, on the ground that it was made too late. 66 Fed. 342. On the merits a final decree was rendered in favor of the original libelants, and the respondents have appealed.

Horace L. Cheyney, for appellants.

Edward F. Pugh and Henry Flanders, for appellees.

Before ACHESON, Circuit Judge, and WALES and GREEN, District Judges.

ACHESON, Circuit Judge. These two appeals are closely related, and they will be considered together.

1. The ground upon which the court below put its refusal to make an order under Sup. Ct. Rule 53, in admiralty, requiring the respondents in the cross libel to give security and for a stay of the

proceedings upon the original libel until security should be given, was that the application for security and stay was not made as "promptly as it might and should have been, nor until the original libelants had taken their testimony, and incurred the expense of doing so"; and that "to stay proceedings after this lapse of time and under the circumstances would seem to be unjust." The rule in question provides for the giving of security by the respondents in a cross libel, "unless the court, on cause shown, shall otherwise direct." The rule does not give to the libelants in a cross libel an absolute right to security, for, "on cause shown," the court may "otherwise direct." Here the court did otherwise direct, upon the ground of unreasonable delay in the application for the benefit of the rule. Now, assuming that, in the exercise of the authority with which it is invested by this rule, the court may commit an error that would subject its action to the reviewing power of this court, still there ought to be no reversal, unless it clearly appears that the action of the court was unwarrantable. It is not, however, evident to us, that the court below was wrong in holding that the cross libelants had been guilty of inexcusable delay. We perceive no ground to conclude that good and sufficient cause was not shown for the refusal of the court to make the order asked for.

2. The appeal in the suit upon the cross libel from the order refusing the application for security and stay did not operate to suspend the proceedings in the original suit, and the court committed no error in going on to final hearing therein.

3. The original libel was filed by Funch, Edye & Co., as trustees for the owners of the steamship Sophie Rickmers, upon a general average bond executed by the respondents (the appellants), who were cargo owners. With respect to the merits of the case, the only defense set up was that the vessel was unseaworthy. No evidence, however, was given on behalf of the respondents to sustain the allegation of unseaworthiness contained in their answer. The respondents took the position in the court below, and they insist here, that the burden of proving seaworthiness was upon the libelants, and that they failed to sustain that burden. The court below held that the libelants' proofs made out a prima facie case for them; citing Railroad Co. v. Broadnax, 109 Pa. St. 432, 440, 1 Atl. 228. In the brief of the appellant's counsel, it is admitted that that case was identical in proof with the present one. The supreme court of Pennsylvania there said:

"The execution of the bond was shown. The adjustment was proven to have been made in accordance with the laws and usages of the port of destination; and it cannot be doubted that the bond, with its recitals and the adjustment made pursuant thereto, constituted a prima facie case for the plaintiff. The court was right, we think, in refusing to charge the jury that the plaintiff was bound to prove the seaworthiness of the vessel, as a condition of his recovery."

It is contended by the appellants that the above-cited decision, and also the ruling of the court below in this case, are at variance with the views of the supreme court of the United States, as announced in the case of The Edwin I. Morrison, 153 U. S. 199, 14

Sup. Ct. 823. To this proposition, however, we are not able to assent. In the case of The Edwin I. Morrison, which was a suit by the cargo owner against the vessel to recover for damages to the cargo, the circumstances attending the injury to the cargo were such as to cast upon the shipowners the burden of showing seaworthiness. "It was for them," said the court, "to show affirmatively the safety of the cap and plate, and that they were carried away by extraordinary contingencies, not reasonably to have been anticipated;" and it was held that the shipowners had failed to sustain the burden of proof to which the occurrence subjected them. In the present case the respondents' general average bond recites that the vessel, "in the due prosecution of her said voyage, encountered strong winds and a heavy sea, which caused the vessel to labor severely." In view of this admission, the libelants, we think, could well rest upon the presumption that the vessel was seaworthy at the commencement of the voyage, until that presumption was overthrown by proof. Railroad Co. v. Broadnax, supra; Myers v. Insurance Co., 26 Pa. St. 192, 195; 2 Greenl. Ev. § 401; Guy v. Insurance Co., 30 Fed. 695; Earnmoor v. Insurance Co., 40 Fed. 847; Pickup v. Insurance Co., 3 Q. B. Div. 594. The case made by the libelants, it will be remembered, was not met by any counter proof.

We have to add, however, that the libelants' case does not depend exclusively upon the presumption that the vessel was seaworthy when her voyage began. This record contains affirmative evidence that such was the fact. Among the exhibits found in the record is a copy of a report of survey of the vessel made immediately before she entered upon this voyage, which sets forth that "the ship was then tight and in seaworthy condition." The appellants, indeed, in a supplemental brief furnished us since the oral argument, assert that this paper was inadmissible, and in fact was not in evidence in the court below, and that it ought not to be considered here. But we are not at liberty to listen to this suggestion; for not only does rule 12 of this court forbid the allowance of the objection now made to the exhibit, but, by stipulation of counsel, this document was made part of the record upon this appeal.

The order appealed from and the decree in favor of the libelants are affirmed.