· LOCHMORE S. S. CO., Limited, v. HAGAR et al.

(District Court, E. D. Pennsylvania. January 22, 1897.)

No. 57.

1. ADMIRALTY PRACTICE—CROSS LIBEL—RULE 53.

Admiralty rule 53, requiring security from the respondent in a cross libel for a counterclaim arising out of the same transaction as the original libel, applies to a case in which the original libel was in personam, but the vessel to which the suit relates was attached. The proceeding is then in effect in rem.

2. SAME.

The object of rule 53, requiring security to respond in damages from the respondents in cross libels in certain cases, is not merely to compel an appearance, but appears to be to place the parties on an equality.

This was a libel in admiralty by the Lochmore Steamship Company, Limited, owner of the steamship Kilmore, against Walter F. Hagar and John H. Thompson, trading as W. F. Hagar & Co. The cause was heard on motion to vacate security on the cross-libel.

J. Rodman Paul, for libelants.

Horace L. Cheney, for respondents.

BUTLER, District Judge. Rule 53 reads as follows:

"Whenever a cross-libel is filed upon any counter claim arising out of the same cause of action for which the original libel was filed, the respondents in the cross-libel shall give security in the usual amount and form, to respond in damages, as claimed in said cross-libel, unless the court on cause shown shall otherwise direct; and all proceedings on the original libel shall be stayed until such security is given."

It is thus seen that the language of the rule applies to all cases of cross-libel. In Refining Co. v. Funch, 66 Fed. 342, the court questioned the applicability of the rule to cases where the original libel is in personam. That subject need not be considered at this time. While the original libel here is in personam in form, it prays for an attachment; and the vessel to which the charter party sued upon relates, was attached, and the proceeding therefore is in effect in rem. The object of the attachment was not simply to procure the respondents' appearance but to collect the money demanded, from the vessel. Her release could only be effected by entering security for the debt, as in ordinary proceedings in rem. The libelants may have had no lien until they attached the vessel, but thereafter they had; and to realize on this lien was the object of their subsequent efforts. It was unimportant to them whether the respondents appeared or not; the value of the vessel exceeds their claim. The rule must therefore be held applicable to the case. The libelants urge that as they reside here and may be served, security should not be required; that the object of the rule is simply to compel the original libelants (when foreigners) to appear. If such had been the object it could have been attained more readily by providing for service on the proctors of such libelants. Again if an appearance alone was contemplated the security should be for an appearance simply; and the rule would doubtless have so provided. It is more probable that the object was to place the parties on an equality.

If the original libelants in this case had satisfied the court of their ability to pay the cross-claim, as they were afforded opportunity to do, it is possible that they might have been relieved (in the exercise of the court's discretion under the rule) from entering security; but as the case stands there is nothing to warrant a vacation of the order; and the application is therefore dismissed.