GENTHNER' v. WILEY.

WILEY v. GENTHNER.

(District Court, D. Massachusetts. February 14, 1898.)

Nos. 628 and 712.

ADMIRALTY PRACTICE—CROSS LIBELS—STIPULATION FOR DAMAGES.

A libel was filed to recover for injuries to a barge from defects in the consignee's dock. The consignee filed a cross libel against the barge owner to recover expenses incurred in pumping out the barge, and placing her in the dock, in order that her cargo could be discharged, and that she herself should cease to obstruct the dock. *Held*, that the cross libel was one "arising out of the same cause of action" with the original libel, within admiralty rule 53, requiring the respondent in the cross libel to give a stipulation for damages in such case.

These were cross libels for damages resulting from injuries to a barge at a dock; the first being filed by Philip J. Genthner against William Otis Wiley, and the second by Wiley against Genthner.

Edward S. Dodge, for William Otis Wiley.

Carver & Blodgett, for Philip J. Genthner.

LOWELL, District Judge. The first libel was filed by Genthner, the owner of the barge Esopus, to recover for injuries to the barge, caused by the alleged defective condition of the dock of Wiley, the consignee of the cargo. The second libel was filed by Wiley against Genthner to recover the expense incurred by Wiley in pumping out the Esopus, and in placing her in the dock so that her cargo could be discharged, and she herself should cease to obstruct the dock. The injuries to the barge for which Genthner sought to recover in the first libel, and which prevented the barge from lying properly in the dock, were alleged in the second libel to have been caused by the fault of Genthner's agents. Wiley prays in his libel that proceedings in the first libel be stayed until the stipulation required by rule 53 shall have been filed therein. Genthner contends that the libel of Wiley is not a cross libel within the meaning of that rule. The rule requires the respondent in a cross libel to give a stipulation for damages where the cross libel has been "filed upon any counterclaim arising out of the same cause of action for which the original libel was filed." The words "same cause of action" are, it must be admitted, somewhat ambiguous, and, if construed narrowly, might exclude Wiley's libel. I think that they should be construed broadly, and as equivalent to "same transaction, dispute, or subject-matter." Vianello v. Credit Lyonnais, 15 Fed. 637. See, also, The Giles Loring, 48 Fed. 463; The Ciampa Emilia, 39 Fed. 126. The two libels before me were certainly filed upon claims arising out of the same subject-matter, to wit, certain injuries received by the barge. The injuries caused damage to both Genthner and Wiley, and whichever of the two was at fault should pay for the damage. These libels were brought to fix the blame. In Refining Co. v. Funch, 66 Fed. 342, Judge Butler said

that in the Eastern district of Pennsylvania rule 53 was not understood to apply to cases where the original libel was in personam, but the circuit court of appeals, in its opinion in the same case, ignored this practice, although it would have been applicable to the case before them. Refining Co. v. Funch, 73 Fed. 844. In Steamship Co. v. Hagar, 78 Fed. 642, Judge Butler himself says that "the language of the rule applies to all cases of cross libel," and this plain language I do not feel at liberty to disregard. Order to issue staying proceedings in No. 628 until stipulation shall be filed in 712, pursuant to rule 53.