THE HIGHLAND LIGHT.

THE OCCIDENTAL.

TOWNSLEY v. BARNESON et al.

(District Court, D. Washington, N. D. June 25, 1898.)

1. ADMIRALTY PLEADING—CROSS LIBELS.
    Admiralty Rule 53 is to be given a construction sufficiently broad to allow all matters in dispute between the parties, which must necessarily be considered in the determination of the original case, to be fully considered for all purposes, so that the rights of both parties may be fully protected and finally adjudicated in one suit.

2. SAME.
    To a libel in rem to recover money earned by libelants as stevedores in loading certain vessels, a cross libel may be filed, under Admiralty Rule 53, to recover damages for breach of a promise by plaintiffs to render certain towage services to the vessels in question, where the agreement for loading the vessels and for furnishing the towage were both embodied in the same instrument, and the mutual promises of the parties constituted the consideration of the contract.

This was a libel by John Barneson and Richard Chilcott, co-partners doing business under the firm name and style of Barneson & Chilcott, against the bark Highland Light and the ship Occidental, to recover for services rendered as stevedores in loading these vessels. The claimant, T. F. Townsley, having filed a cross libel against the libelants, claiming damages for breach of an agreement to furnish tug boats for towing the said vessels, has now moved for an order requiring libelants to give security for the payment of any judgment which may be recovered against them on the cross libel.

Harold Preston, for cross libelant.
Wm. H. Gorham, for respondents.

HANFORD, District Judge. This cause has been heard upon an application by the cross libelant for an order requiring the firm of Barneson & Chilcott, who are original libelants in several suits in rem against the bark Highland Light and the ship Occidental, to give security for the payment of any judgment which may be recovered by the cross libelant, as provided by the fifty-third admiralty rule, prescribed by the supreme court, and also upon exceptions to the cross libel. Barneson & Chilcott are suing to collect the amounts which they have earned by their services as stevedores in loading the vessels named, pursuant to a written contract made and entered into by and between said firm and the cross libelant, who is the charterer and manager of said vessels. The cross libelant claims damages for a breach, on the part of the original libelants, of a provision in the same written contract by which the libelants promised and agreed to furnish tug boats for towing the Highland Light and the Occidental into and out of certain ports of Puget Sound, when required, during the time of the life of said contract. The application for security is resisted, and the cross libel is alleged to be defective and insufficient, on the ground that the cross libel is not founded upon any counterclaim arising out of the same cause of action for which the original libels were filed. The libelants insist that, although the written contract provides for services as stevedores in loading the vessels, and also for towage services, it is not a single and entire contract, but that two contracts are contained in one written instrument, and they dispute the right of the cross libelant to file a counterclaim for damages growing out of the transaction under the contract for towage services in a suit to recover compensation for services under the contract for stowing the cargoes.

The fifty-third admiralty rule does not permit new and distinct matters not involved in the issues tendered by an original libel to be the basis of a cross libel, but any cause of action in favor of a party called upon to defend against the original libel founded upon the same contract, or arising out of the same transaction, is a counterclaim which may be set up by a cross libel. A construction must be given to the rule sufficiently broad to allow all matters in dispute between the parties which must necessarily be considered in the determination of the original case, to be fully considered for all purposes, so that the rights of both parties may be protected and finally adjudicated in one suit. Genthner v. Wiley, 85 Fed. 797.

The demand pleaded in the cross libel may be properly set up as a defense in the original suits. In so holding, I base my opinion, not alone upon the fact that the agreement for towage service is contained in the same written instrument which contains the agreement under which the libelants worked as stevedores, but also upon the fact that the contract is by its own terms founded upon the mutual promises of the respective parties as its consideration, and there is no other consideration to make the obligations of each party binding, except the sum of one dollar paid by each to the other, which, in effect, leaves the contract to rest entirely, as to consideration, upon the mutual promises of the parties. The agreement, therefore, of the libelants to supply tug boats to perform towage services is the consideration for the agreement of the cross libelant to employ the libelants and pay them for loading the vessels, and a demand for damages resulting from a breach of the contract to perform towage services is clearly a counterclaim arising out of the same cause of action for which the original libels were filed. The exceptions to the cross libel will be overruled, and an order will be entered requiring the libelants to give security in favor of the cross libelant to the amount of $25,000, and proceedings in the original suits will be stayed until the security is given.

---

## THE CRESCENT.

·(District Court, D. New Jersey. June 27, 1898.)

1. MARITIME LIENS—STATE STATUTES—PRIORITIES.
    A lien under a state statute, for work and materials furnished in the home port, takes precedence of a mortgage executed after the work was completed.
2. SAME—WAIVER—TAKING NOTE. .
    The rule that a note taken for the amount of a maritime lien for repairs is presumptively taken as collateral security, and does not, of itself, defeat the lien, applies to the case of a lien acquired under a state statute.

This was a libel by Henry M. Sciple and others against the proceeds arising from the sale of the steamer Crescent, to enforce a lien for work done and materials furnished.

Harrison H. Voorhees, for petitioners.
Howard Carrow, for intervening petitioner.