MORSE IRONWORKS & DRY DOCK CO. v. LUCKENBACH.

LUCKENBACH v. MORSE IRONWORKS & DRY DOCK CO.

(District Court, S. D. New York. June 1, 1903.)

1. ADMIRALTY—REQUIRING SECURITY FROM RESPONDENT IN CROSS-LIBEL—FIFTY-THIRD RULE.

Admiralty rule 53, providing that when a cross-libel is filed on a counterclaim the respondents in the cross-libel shall give security to respond in damages, "unless the court on cause shown shall otherwise direct," and that proceedings on the original libel shall be stayed until such security shall be given, is broad enough to cover cases where the original libel is in personam, but such security will not be required where it would be manifestly unjust, as where it appears from the pleadings and proofs that the claim of the cross-libelant is not one upon which he can recover an affirmative judgment.

In Admiralty. Motion to stay proceedings.

Blandy, Mooney & Shipman (Martin A. Ryan, advocate), for libellant and respondent.

Peter S. Carter, for respondent and cross-libellant

ADAMS, District Judge. This is a motion on the part of Lewis Luckenbach, the cross-libellant, to stay the libellant's proceedings until it shall, as respondent in the cross-libel, give security for the damages claimed in the cross-libel.

The action is in personam to recover from Luckenbach (1) a balance of $950, claimed to be due for work, &c., on the steamship "Saale," and (2) a balance of $34,803.45 claimed to be due for work, &c., on the steamship "Styria."

The defences seem to be, (1) an offset claimed to amount to $800 for damages arising from delay in performing the work upon the Saale, and, (2) a denial that $34,803.45 was the balance due on the Styria and a claimed offset of $22,100 for damages arising from delay in performing the work upon her and a further sum of $248.98 for materials furnished the libellant, making a total claimed offset of $22,348.98, as opposed to the libellant's claim of $34,803.45, which is denied to be correct, but what balance is due, apart from the offset, is not stated.

It is urged by the cross-libellant that he is entitled to security under Admiralty Rule 53, which provides:

"Whenever a cross-libel is filed upon any counterclaim, arising out of the same cause of action for which the original libel was filed, the respondents in the cross-libel shall give security in the usual amount and form, to respond in damages, as claimed in said cross-libel, unless the court, on cause shown, shall otherwise direct; and all proceedings upon the original libel shall be stayed until such security shall be given."

The argument advanced is, that the rule provides alike for actions in rem and in personam and that, therefore, in the latter class of actions, notwithstanding the libellant has no security for his claim, the respondent can stay the proceedings until security be given to him. The following cases have been referred to me in support of the contention, viz.: The Steamer Bristol, Fed. Cas. No. 1,889, 4 Ben. 55; Compagnie Universelle du Canal Interoceanique v. Belloni et al. (D. C.) 45 Fed. 587; The Electron (D. C.) 48 Fed. 689.

In The Bristol, a libel in rem was filed against the steamer to recover damages sustained by the owner of the bark George S. Brown, in a collision between those vessels. A cross-libel in rem was filed by the claimants of the steamer to recover the damages sustained by them in the collision and they moved for a stay of proceedings under the rule, until security should be given by the respondent (the original libellant). It was held that it was not intended by the rule to give the court jurisdiction of a vessel without a seizure and, as there were no proceedings in personam, the motion should be denied. Judge Blatchford said (page 57):

"The object of the rule is to compel the appearance and giving of security by a respondent in a cross-libel in personam, in cases where it does not appear proper that he should be relieved from giving such security."

In the Compagnie, etc., v. Belloni et al., the original action was brought by Belloni et al. in personam and the respondent had given security, probably by agreement to avoid the seizure of its property by proceedings in foreign attachment, before it moved for the security in the cross-libel, which was ordered to be given.

In The Electron, a libel in rem had been filed against the vessel and the claimant had given security. He then filed a cross-libel in personam and the first action was stayed until it was given. It was an ordinary case of the application of the rule.

The cases cited are not in point here.

It has been doubted whether the rule applies where the original action is in personam and no security is required of the respondent (Franklin Sugar-Refining Co. v. Funch [D. C.] 66 Fed. 342), but it seems broad enough to cover all the cases where a cross-libel is filed and the application for security is within its provisions (Genthner v. Wiley [D. C.] 85 Fed. 797; The Highland Light [D. C.] 88 Fed. 296). It is, however, left to the discretion of the court to see that no injustice is done in enforcing the rule in the provision that the security shall be given "unless the court, on cause shown, shall other-wise direct," the burden being upon the respondent in the cross-libei to show circumstances which would make the application of the rule unjust. Empresa Maritima a Vapor v. North & South American 'Steam Navigation Co. (D. C.) 16 Fed. 502, 504.

From the pleadings and the affidavits filed here, I regard it as doubtful if the cross-libellant has any claim upon which he can re-cover an affirmative judgment. In one of his affidavits, he says that before the action was commenced, attempts were made between the parties to adjust the difficulties existing between them, and an agreement was reached to offset their respective claims, which was not, however, carried out, because the president of the Morse Company failed to appear in conformity with an arrangement to execute a written agreement. This is denied by the president of the Morse Company, who says that the negotiations related to some extra work claimed and the question was whether such work should be set off against Luckenbach's claims. Taking, however, the cross-libellant's own contention that he was willing to abandon his entire claim if the Morse Company would do likewise, and considering the facts set forth in the other papers, I am convinced that it would be unjust to apply the rule here.

Motion denied.