## THE TRANSIT.

### WALKER v. STOCKWELL.

(District Court, E. D. Pennsylvania. January 8, 1914.)

#### Nos. 84, 86.

ADMIRALTY (§ 58*)—CROSS-LIBEL PLEADING COUNTERCLAIM—SECURITY—LIBEL BY RECEIVER IN BANKRUPTCY.

Under Admiralty Rule 53 (29 Sup. Ct. xlv), requiring the respondent in a cross-libel on a counterclaim to give security to respond in damages, "unless the court on cause shown shall otherwise direct," where the libelant is a receiver in bankruptcy, he will not be required to give such security since, under Bankr. Act July 1, 1898, c. 541, § 68a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), any recovery on the counterclaim must be set off against any recovery by libelant, and if in excess thereof, the balance is provable only against the estate.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 334; Dec. Dig. § 58.*]

In Admiralty. Libel by Henry F. Stockwell, receiver of John H. Dialogue & Son, bankrupts, against the tug Transit, and cross-libel by Charles. I. Walker, managing owner of the Transit, against said Stockwell, receiver. On petition by libelant to vacate order requiring filing of security on cross-libel. Order vacated.

Wilson & Carr, of Camden, N. J., and Willard M. Harris, of Philadelphia, Pa., for Stockwell.

J. Frank Staley and Lewis, Adler & Laws, all of Philadelphia, Pa., for the Transit.

THOMPSON, District Judge. Admiralty rule 53 (29 Sup. Ct. xlv) provides:

"Whenever a cross-libel is filed upon any counterclaim, arising out of the same cause of action for which the original libel was filed, the respondents in the cross-libel shall give security in the usual amount and form, to respond in damages, as claimed in said cross-libel, unless the court, on cause shown, shall otherwise direct; and all proceedings upon the original libel shall be stayed until such security shall be given."

As was said by Judge Brown in the District Court for the Southern District of New York in the case of Empresa Maritima a Vapor v. North & South American Steam Navigation Co., 16 Fed. at page 504:

"The granting of the order, it is true, is to some extent discretionary, since 'upon cause shown' the court 'may otherwise direct.' From this it is clear that it was the intent of the rule that security should be given unless the respondents affirmatively show, the burden of proof being upon them, circumstances which would make the application of the rule unjust."

See, also, Franklin Sugar-Refining Co. v. Funch et al. (D. C.) 66 Fed. 342, affirmed in 73 Fed. 844, 20 C. C. A. 61.

Judge Butler's refusal to order security in the case in 66 Federal Reporter was based in part upon the ground that the original libel was in personam, and consequently no security was required of the re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

spondent in the original cause. The general practice is to require security to be given under rule 53, where the proceeding is in rem and the vessel has been released upon stipulation in order that the parties may stand upon an equality. In the present case, however, I think a practical ground exists for not requiring security to be entered by the respondent in the cross-libel. The counterclaim upon which the cross-libel is based comes within the provisions of section 68 of the Bankruptcy Act, which provides:

"(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

"(b) A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which is not provable against the estate."

If judgment is rendered in favor of the cross-libelant not in excess of judgment in favor of the libelant, a bond in the present case would be superfluous. If he recovers judgment for an excess, he can receive upon that judgment only such amount as is awarded him upon proving his claim in the court of bankruptcy. It must be presumed that the receiver has given bond under the Bankruptcy Act for all assets in his hands, and if in this proceeding he should be succeeded by a trustee, the cross-libelant will be protected by the trustee's bond, and, whether the claim should be determined to entitle the cross-libelant to a priority or to a dividend with other creditors, recourse can only be had to the funds of the bankrupt estate, or to the bond of the receiver or trustee.

In my opinion, there is no just cause shown for requiring a bond in this case, and it is therefore directed that the order to enter security be vacated.