CHESBROUGH v. BOSTON ELEVATED RY. CO.

(District Court, D. Massachusetts. November 24, 1917.)

Nos. 326, 582, 634, and 1035.

1. ADMIRALTY ⊜⊃58—TRUSTEES—SECURITY.
    Under admiralty rule 53 (29 Sup. Ct. xlv), security for costs and for damages claimed by respondents in their cross-libels will not be required, where libelant is a receiver or trustee in bankruptcy.

2. ADMIRALTY ⊜⊃58—SECURITY—ASSIGNMENT OF CLAIMS.
    That libelant had assigned his claims to third persons is no ground for requiring him to give security for costs or for damages claimed by the respondents in their cross-libels, where such security would not otherwise be required.

3. ADMIRALTY ⊜⊃58—SECURITY—ASSIGNMENT OF CLAIMS.
    Where a libelant assigned his claims, the assignees cannot be required to give security for libelant's payment of claims asserted in cross-libels by the respondents, where such claims were of a distinctly different character from that on which libels were founded.

4. ADMIRALTY ⊜⊃58—SECURITY—COSTS—DELAY.
    Delay on part of cross-libelants, which continued for several years, in demanding that libelant furnish security for costs and damages claimed, warrants denial of the motion.

In Admiralty. Libels by Fremont B. Chesbrough against the Boston Elevated Railway Company and against Smith P. Burton, together with cross-libels by the several respondents against libelant. On motion to require libelant to give security. Motion denied.

In No. 326:
    Carver, Wardner & Goodwin, of Boston, Mass., for libelant.
    Gaston, Snow & Saltonstall, of Boston, Mass., for respondent.

In No. 582:
    Carver, Wardner & Goodwin, of Boston, Mass., for libelant.
    H. M. Burton, of Boston, Mass., Benjamin Thompson, of Portland, Me., and Edward S. Dodge, of Boston, Mass., for respondent.

In No. 634:
    Gaston, Snow & Saltonstall, of Boston, Mass., for libelant.
    Carver, Wardner & Goodwin, of Boston, Mass., for respondent.

In No. 1035:
    Edward S. Dodge, of Boston, Mass., and Benjamin Thompson, of Portland, Me., for libelant.
    G. Philip Wardner, of Boston, Mass., for respondent.

MORTON, District Judge. The cross-libelants move under the fifty-third admiralty rule (29 Sup. Ct. xlv) that the original libelant be ordered to give them security, not for costs merely, but for their damages as well, in case they shall recover, and that the original suit be stayed until such security is furnished. The motions were heard and denied in two of the cases on June 18, 1914. The reason for renewing them in those cases and now pressing the motions in the other cases is that since that date it has come to the knowledge of

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the cross-libelants that the original libelant was not the owner of the claims on which he is nominally suing, but that he had assigned those claims to other parties before the original libels were filed. The whole question whether the original libelant should be ordered to give security has also been, in effect, reheard.

[1-3] I see no reason to doubt the soundness of my original action denying the motions for security, on the facts as then presented. Nor am I able to perceive how the further fact that the real parties in interest, as it now appears, are assignees of Chesbrough (either by express agreements or by operation of law) and his trustee in bankruptcy, changes the result. As to the trustee, it has been decided that security will not be ordered under this rule against a receiver or trustee in bankruptcy. The Transit (D. C.) 210 Fed. 575. That Chesbrough has seen fit to assign his claims to third persons seems no reason for compelling him to give to the cross-libelants security which would not otherwise be required. And the interest which the assignees have in any sums which Chesbrough may recover under his libels does not, in my opinion, justify requiring them to furnish security for Chesbrough's payment of a claim of a distinctly different character from that on which the libel is founded. The assignees are not parties to the record and their relations to Chesbrough are immaterial to the present question.

[4] I have considered the question on the merits; but there was such delay in renewing and in pressing the motions, after all the facts were known to the cross-libelants, as would, in my opinion, require their disallowance on that ground also. Franklin Sugar Ref. Co. v. Funch, 73 Fed. 844, 20 C. C. A. 61.

