### INTERSTATE LIGHTERAGE & TRANSPORTATION CO. v. NEWTOWN CREEK TOWING CO.

### NEWTOWN CREEK TOWING CO. v. INTERSTATE LIGHTERAGE & TRANSPORTATION CO.

(District Court, E. D. New York. June 21, 1919.)

1. ADMIRALTY ⬥58—SECURITY ON CROSS-LIBEL—SUITS IN PERSONAM.
     Admiralty rule 53 (29 Sup. Ct. xlv), providing for security on cross-libel, applies to actions in personam, and not only to suits in rem or with foreign attachment, in which libelant has security against claimant.

2. ADMIRALTY ⬥58—SECURITY ON CROSS-LIBEL.
     Where action has been changed from in rem to in personam, and security released, the rule will not be enforced as a matter of course, and, if that action seems just, the libelant will be relieved from giving bond.

In Admiralty. Suit by the Interstate Lighterage & Transportation Company against the Newtown Creek Towing Company, and cross-libel. On motion by cross-libelant to continue stay pending giving of security by libelant. Denied.

Macklin, Brown, Purdy & Van Wyck, of New York City, for Interstate Lighterage & Transportation Co.

Alexander & Ash, of New York City, for Newtown Creek Towing Co.

CHATFIELD, District Judge. This is an application to continue a stay pending the giving of security by the Interstate Lighterage & Transportation Company (the libelant) equal to the amount of damages set forth in the cross-libel filed by the Newtown Creek Towing Company (the respondent). This in effect is to order the giving of security under the circumstances of the present case.

[1] In the first place, an action in rem was begun, which has now been discontinued, as the maintenance of that action depended upon erroneous statements or incorrect phraseology in the libel. The action which succeeded it is in personam, and the original cross-libel has been transferred so as to be in opposition to the second or present action. In the original action the libelant was ordered to give security under the Fifty-Third Rule in Admiralty (29 Sup. Ct. xlv).

It is said in Benedict's Admiralty (4th Ed.) § 394, that this rule

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

makes no distinction between cases in rem and in personam, and cases are cited to uphold the proposition. In Franklin Sugar Refining Co. v. Funch (D. C.) 66 Fed. 342, it was held that the rule does not apply where both the libel and cross-libel are in personam, on the ground that the words "the usual amount and form" are not exact in adaptability, and hence negative the intent to cover more than the usual action; i. e., an action in rem.

In Morse Iron Works & Dry Dock Co. v. Luckenbach (D. C.) 123 Fed. 332, citing a number of cases, the court held that the rule did apply to personam cases as well as those in rem, but that in each the court must exercise its discretion under the words "unless the court for cause shown shall otherwise direct."

The purpose of the rule is evidently to make both parties secure. Where the libelant by proceeding in rem, or with foreign attachment (Lochmore S. S. Co., Limited, v. Hagar [D. C.] 78 Fed. 642) has security against the claimant, but where the claimant by bringing a cross-libel in personam does not have property under seizure to secure himself, the rule is plain. It would seem that the words "in the usual amount and form" indicate the nature of the bond, and throw little light upon when a bond shall be given. The rule in terms is broad enough to cover actions in personam, and the practical hardship is very slight. In personam actions are not frequently brought, and the libelant can obtain relief by application to the court.

[2] But we have here a situation where the libelant has been compelled to give up any security which it may have had under its former erroneous cause of action. It also incurred the penalty of imposition of costs. To penalize it further by requiring it to give security in addition, in an amount sufficient to cover the cross-libel, even though the cross-libelant is not required to give security, would not be just, and is entirely outside the meaning of Admiralty Rule 53.

The first cause of action having been dismissed, the rule no longer fits the situation. Nor does it seem a proper exercise of discretion to impose this giving of security as a condition for the discontinuance of the first action.

On the facts, the libelant should be relieved from the giving of a bond under the rule.

The motion to transfer the stay previously granted (in the action which has been discontinued), to the present action in personam will be denied, and the libelant will be relieved from the giving of a bond.