## R. B. BOAK & CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1926.)

No. 4592.

1. Shipping ⬦142—Claim based on delay in accepting and forwarding goods is not governed by provision in bill of lading that claim must be made before goods are removed at destination.

Claim for decay of fish, due to delay in accepting and forwarding them, was not governed by provision in bill of lading that claim must be made before goods are removed from wharf at port of destination.

2. Shipping ⬦125.

Shipper did not waive claim to damages for delay in forwarding goods by allowing shipment after time specified in contracts.

3. Contracts ⬦316(6).

Acceptance of delayed performance of contract specifying time of performance is not inconsistent with right to recover damages for delay.

In Error to the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Suit by R. B. Boak & Co. against the United States Shipping Board Emergency Fleet Corporation. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

S. M. Johnston, of Mobile, Ala., for plaintiff in error.

Joseph W. John, Asst. U. S. Atty., of Mobile, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By this suit plaintiff in error (herein called plaintiff) in separate counts claimed damages for the alleged breach of eight similar alleged written contracts of the defendant in error (herein called defendant). One of those contracts, entered into at Mobile, Ala., on March 3, 1920, named Mayaguez, P. R., as the port of destination, and stated:

"We have reserved space for you for 100 barrels pickled fish to above-named port at the rate of 55c per 100 lbs. to be forwarded by steamer, 'a steamer' (or substitute) to arrive about March shipment.

"Remarks: Freight prepaid. * * *

"This contract is made subject to all clauses and conditions of ocean bills of lading used by the line carrying the goods."

A count based on that contract alleged as follows:

"And plaintiff avers that, although it duly tendered to the defendant the said 100 barrels of pickled fish, and stood ready, able, and willing to pay said reward, and to comply with all of the provisions of said contract on its part contained, yet the defendant breached said contract in this: That it failed or refused to forward said fish within the time agreed upon in the contract, in that it delayed the forwarding of the same from Mobile, Alabama, for a long period of time, and until the 24th day of May, 1920, as a result of which the said fish decayed and became worthless."

Plea 9 was to the following effect: The bill of lading issued under said contract provided that no claim whatever for damage to goods shipped will be admitted, unless made before the goods are removed. No claim for damages was made upon defendant before the fish were removed from the wharf at port of destination.

Plea 15 alleged as follows: "The plaintiff tendered the said shipment of fish to the

defendant at a time subsequent to the time the contract of affreightment stipulated for forwarding, and defendant accepted the said shipment and issued a bill of lading therefor, and plaintiff thereby waived the requirement to forward the said shipment within the time set out in the contract of affreightment."

Plea 16 alleged as follows: "The plaintiff waived the provision in the contract to forward within the time stated by later tendering the said shipment to the defendant, which was accepted by the defendant and bill of lading issued therefor."

The court overruled demurrers to the above-mentioned pleas. Thereupon the plaintiff confessed the allegations of facts in those pleas, and the court entered judgment thereon against the plaintiff.

[1] The injury to the fish was attributed, not to anything which occurred after the bill of lading was issued, but to the delay in forwarding the fish pursuant to the above-mentioned contract. The cause of action asserted was based, not on the contract evidenced by the bill of lading, but on the previously made contract for freight space and for forwarding the fish. The provision of the bill of lading that no claim will be admitted, unless made before the goods are removed, related to the carriage of the goods on the voyage, and did not affect a contract obligation which was incurred before the bill of lading was signed. If the decay of the fish was due to the delay in accepting and forwarding them, a claim based on that delay was not one governed by the pleaded provision of the bill of lading. The Caledonia, 15 S. Ct. 537, 157 U. S. 124, 39 L. Ed. 644. It follows that plea 9 did not set up a valid defense.

[2, 3] The claims asserted were based on alleged breaches by the defendant of the provision of its contracts as to the time of forwarding the goods mentioned. By allowing the goods to be shipped after the expiration of the time specified in the contracts for forwarding them the plaintiff did not waive its claim to damages for the delay. Acceptance of delayed performance of a contract which specifies the time of performance is not inconsistent with the retention of the right to recover damages for the delay. Huntsville Elks Club v. Garrity-Hahn Building Co., 57 So. 750, 176 Ala. 128; The Fort Morgan (C. C. A.) 284 F. 1. Pleas 15 and 16 did not set up matter constituting a defense to the claims asserted.

Other questions presented are not passed on, as they may not be presented in another trial. The above-considered rulings were erroneous. Because of those errors, the judgment is reversed, and the cause is remanded for a new trial.

Reversed.