## CORRADO SOCIETA ANONIMA DI NAVIGAZIONE v. L. MUNDET & SON, Inc.

No. 71 of 1928.

District Court, E. D. Pennsylvania.

March 12, 1935.

Loomis, Williams & Donahue, of New York City, and Biddle, Paul, Dawson & Yocum, of Philadelphia, Pa., for cross-libelant.

Bigham, Englar, Jones & Houston, of New York City, and Hemphill & Brewster, of Philadelphia, Pa., for cross-respondent.

KIRKPATRICK, District Judge.

A libel was filed by the cargo owner to recover damages for failure to deliver the cargo in good condition. The ship was arrested and security given for her release. An answer was filed alleging among other things that the injury to the cargo was due to efforts made on the voyage to save the cargo from total loss.

A cross-libel was then filed against the cargo owner for general average contribution. The cross-libel included a demand that security be given. The answer to it was not filed for six months. When filed, it denied that there were any general average acts, and averred that the stranding and damage to the cargo were due to unseaworthiness and negligent navigation.

By agreement of the parties, this case may be considered as though this motion for security under Admiralty Rule 50 (28 USCA following section 723) had been made immediately after filing of the answer to the cross-libel.

I hold:

█ (1) That the motion is not barred by laches. Such delay as there was corresponded with and did not exceed the time taken by the cross-libelant to file its answer to the libel. During that time there was no change in the status quo which would make it inequitable to grant the motion. Franklin Sugar Refining Company v. Funch (D. C.) 66 F. 342; Id. (C. C. A.) 73 F. 844, is easily distinguishable upon that ground. Unless special circumstances require earlier action, there is no need to make a motion for security in a cross-action until an answer has been filed and it appears that the claim will be contested.

█ (2) That the cross-libel in this case is filed upon a counterclaim "arising out of the same contract or cause of action" within the intendment of rule 50.

We are concerned with the construction of a rule of practice rather than with the precise nature of and legal foundation for a claim for general average contribution. Concededly, that rule should be given a liberal interpretation. Within its meaning, I hold that a general average claim "arises out of" the contract to carry the goods. So does a claim for damages for failure to deliver in good condition. Consequently, in this cross-libel, security may be required of the original libelant.

So ordered.