## W. E. HEDGER TRANSP. CORPORATION v. JAMES RICHARDSON & SONS, Limited, et al.

## JAMES RICHARDSON & SONS, Limited, v. W. E. HEDGER TRANSP. CORPORATION.

### Nos. 15120, 15161.

District Court, E. D. New York.
May 18, 1937.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for W. E. Hedger Transp. Corporation.

Otto, Easterday & Warburton, of New York City (Henry E. Otto and Samuel C. Otto, both of New York City, of counsel), for James Richardson & Sons, Limited.

CAMPBELL, District Judge.

The above-entitled suits come before this court on eight motions as follows:

(1) In Hedger v. Richardson, a motion by Hedger for a severance pursuant to admiralty rule 17-A and 29 of this court.

(2) In Hedger v. Richardson, a motion by Richardson for an order referring all matters in dispute to arbitration.

(3) In Richardson v. Hedger, a motion by Richardson for an order referring all matters in dispute to arbitration.

(4) In Richardson v. Hedger, a motion by Hedger for an order striking out the first cause of action of the cross-libel.

(5) In Richardson v. Hedger, a motion by Hedger striking out the libel as a cross-libel to the suit of Hedger v. Richardson.

(6) In Richardson v. Hedger, a hearing on Hedger's exceptions to the libel.

(7) In Hedger v. Richardson, a motion by O'Connor and Malloch and Canadian Bank of Commerce to join in motion made by Richardson for an order directing that disputes be referred to .arbitration.

(8) In Richardson v. Hedger, a motion by Richardson for an order directing Hedger to post security pursuant to rule 50.

The grain in question was shipped pursuant to an agreement in writing dated September 24, 1936, between W. E. Hedger Transportation Corporation, owner or agents and James Richardson & Sons, Limited, Charterers.

That agreement among other things provided:

"Subject to New York Produce Exchange Canal Grain Charter Party No. 1, as amended—Except—About 500,000 Bushels subject to storage rate of ¼₀ cent per Bushel per day, after free time, with a minimum guaranteed storage period of thirty days.

"About 500,000 Bushels to be subject to storage·rate of ¼₀ cent per bushel per day, after .free time, with option to both Owners or Agents and Charterers, after arrival Grain at New York to declare the usual terms as to storage—Option must be agreeable to both Owners or Agents and Charterers otherwise usual storage terms under charter apply."

The New York Produce Exchange grain charter. party No. 1 so incorporated in said agreement among other things provided as follows: "All disputes arising under this contract to be arbitrated before the Committee on Grain of the New York Produce Fxchange whose decision shall be final and binding."

By the provisions of the agreement, the exception hereinbefore quoted did not except the two items each of about 500,000 bushels or acts in reference to them from the provisions of the charter party with reference to arbitration, but only excepted them from the provisions of the charter party as to rates, substituting the rates mentioned in the agreement for those mentioned in the charter party.

▆ Even if the agreement was breached before loading, the loading did not estop the shipper from recovering damages suffered in the carrying of the cargo and by delay, and the grain was carried under the freight booking agreement hereinbefore described. R .B. Boak & Co. v. United States Shipping Board Emergency Fleet Corporation (C.C.A.) 11 F.(2d) 523, 1926 A.M.C. 537. That agreement was for the carrying of approximately 1,000,000 bushels of grain, and there was incorporated in it the terms of the charter party in question which became part of the contract, therefore, the Hedger libel to recover for storage and the Richardson cross-libel to recover for delay and other causes arose out of the same contract, and under the contract in question all of the disputes between Hedger and Richardson are to be arbitrated before the committee on grain of the New York Produce Exchange.

It is to be noted that the arbitrators provided for are not designated individuals, but a committee whose membership can be changed, and from time to time is changed, by the president of the Produce Exchange, who is vested with the power to appoint the members of that committee.

▆ It does not seem to me that the attempted disqualification on behalf of Hedger of members of that committee can be approved. That the members of the Exchange are shippers, and that they would be interested in situations like those here in question, must have been contemplated when the agreement was entered into, and it was because it was believed that the members of the committee would be experienced and practical men that such committee was agreed upon as arbitrators.

On the showing made on these motions this court would not be justified in refusing to enforce the provisions of the agreement in question as to arbitration entered into by the parties. Ex parte N. K. Fairbank Co. (D.C.) 194 F. 978.

With reference to the giving of security by Hedger under the cross-libel, Rule 50 of the Admiralty Rules (28 U.S.C.A. following section 723) provides as follows: "Whenever a cross-libel is filed upon any counterclaim arising out of the same contract or cause of action for which the original libel was filed, and the respondent or claimant in the original suit shall have

given security to respond in damages, the respondent in the cross-libel shall give security in the usual amount and form to respond in damages to the claims set forth in said cross-libel, unless the court, for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given unless the court otherwise directs."

Rule 50 includes a counterclaim arising out of the same contract or cause of action, whereas the previous Rule 53 (28 U.S.C.A. following section 723) limited counterclaims to those arising out of the same cause of action.

The broad interpretation given to the words "same cause of action" in Vianello v. The Credit Lyonnais (D.C.) 15 F. 637, and in United Transportation & Lighterage Co. v. New York & Baltimore Transp. Line (C.C.A.) 185 F. 386, 388, show that the cross-libel filed herein comes under Rule 50, and the cross-respondent must give security, but, as there is a conceded liability from the respondent and cross-libelant to the libelant and cross-respondent as to which under the circumstances no severance will be ordered, the security to be given by the cross-respondent must be reduced by the amount of such conceded liability.

The motion (1), in Hedger v. Richardson, by Hedger for a severance pursuant to Admiralty Rules 17-A and 29 of this court, is denied.

The motion (2), in Hedger v. Richardson, by Richardson for an order referring all matter in dispute to arbitration, is granted.

The motion (3), in Richardson v. Hedger, by Richardson for an order referring all matters in dispute to arbitration, is granted.

The motion (4), in Richardson v. Hedger, by Hedger for an order striking out the first cause of action of the cross-libel, is denied.

The motion (5), in Richardson v. Hedger, by Hedger for an order striking out the libel as a cross-libel to the suit of Hedger v. Richardson, is denied.

The motion (6), in Richardson v. Hedger, on Hedger's exceptions to the libel, is denied.

The motion (7), in Hedger v. Richardson, by O'Connor and Malloch and Canadian Bank of Commerce, to join in the motion made by Richardson for an order directing that disputes be referred to arbitration, is granted.

The motion (8), in Richardson v. Hedger, by Richardson for an order directing Hedger to post security pursuant to Rule 50 (28 U.S.C.A. following section 723), is granted to the extent that the security to be given must be reduced, by the amount of the conceded liability of Richardson to Hedger.