**W. E. HEDGER TRANSP. CORPORATION v. JAMES RICHARDSON & SONS, Limited, et al.**

No. 15120.

District Court, E. D. New York.

Dec. 9, 1938.

Foley & Martin, of New York City (James A. Martin and Christopher E. Heckman, both of New York City, of counsel), for libelant.

Otto & Easterday, of New York City (Henry E. Otto and Samuel C. Otto, both of New York City, of counsel), for respondents.

MOSCOWITZ, District Judge.

This is a motion by the respondent James Richardson & Sons, Ltd., to confirm an arbitration award made by the Committee on Grain of the New York Produce Exchange on September 14, 1938. By an order of this Court dated May 24, 1937, there had been referred to the said Committee for hearing and determination, all matters in dispute between the libellant W. E. Hedger Transportation Corporation and the respondent James Richardson & Sons, Ltd., arising under a certain freight booking contract between these parties dated September 24, 1936, with respect to the cargoes of wheat mentioned and described in the amended libel and complaint. By a cross-motion, the libellant seeks to vacate the award, basing its motion upon two grounds. First, it contends that the award fails to dispose of all of the matters in dispute. Second, it urges that several of the arbitrators were disqualified because of connection with corporations which were involved in litigation of the same general type as that involved herein, and furthermore that these corporations generally employed the same counsel used by the respondent herein.

There is insufficient reason to conclude that the award was not mutual, definite and final. The arbitrators found that the contract between the parties required that the demurrage for which the libellant was suing be computed at the rate of ¼₀¢ per bushel per day rather than 4¢ per ton per day. The award made in that form was

substantially in the form agreed upon by the parties during argument before the arbitrators. Furthermore, the respondent had conceded liability in the amount of $5,479.-14, demurrage at $\frac{1}{40}\cancel{c}$ per bushel. When therefore, the arbitrators found $\frac{1}{40}\cancel{c}$ per bushel to be the contract rate and said "James Richardson & Sons, Ltd. et al. (Respondents) have conceded their obligation to this extent", they must have been referring to the figure $5,479.14 which was the figure which had been conceded throughout the proceedings. The award was therefore definite and certain.

While it may have been unwise for certain of the arbitrators to have sat, and it would undoubtedly have been better had they disqualified themselves, the grounds of disqualification set forth by the libellant are not sufficient basis for setting the award aside, after considering the record of the case. Without determining whether the question of disqualification was properly raised, if at all, in this action, when one considers all the circumstances of the case, the libellant must be deemed to have waived any disqualification. In choosing the Committee on Grain of the New York Produce Exchange as arbitrators under their contract, the parties chose men who knew the business in question in preference to men who had no association with the grain field. In doing so, they must have anticipated that the arbitrators, in their own business life must have been confronted, or were being confronted, with grain problems of some degree of similarity to those which might arise under the litigants' contract. This was pointed out by Judge Campbell when he referred the various matters in dispute between these two parties to arbitration and replied to the attempted disqualification by the libellant herein of certain of the arbitrators. Furthermore, the conduct of the libellant in accepting, without objection, the award of the same board of arbitrators as that herein in the related action of Hedger Transportation Corporation v. Richardson, D.C., 20 F.Supp. 909, 1937 A.M.C. 1002, 1004, in asking for and seeking in this action an award which would be final and binding, in permitting the entire hearing to proceed to a conclusion without pressing its objection, and by its conduct in general, evidenced an unmistakable intention to accept the board of arbitrators as constituted.

The award is therefore confirmed.

Settle orders on notice.